Williams, J.
It is provided by section 4199, of the Revised Statutes, that: “No action shall be be brought * * * upon any agreement that is not to be performed within the space of one year from the making thereof; unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing, and signed by the party to be charged therewith, or some person thereunto by him or her lawfully authorized.”
There is no doubt that the law of the state or country where a contract is executed and is to be performed, enters into and becomes a part of the contract, in the sense that its validity and obliga *98 tory effect are to be determined and controlled by that law ; and when valid there, the contract will be sustained everywhere, and accorded the interpretation required by the law of the place where made, when the law is properly brought to the attention of the court, unless the contract is against good morals, or contravenes a settled policy of the state or country in whose tribunals its enforcement is sought. The rule is founded . on the presumption that parties contract with reference to the laws to which they are subject at the time, and on the principles of comity prevailing among civilized nations. But it does not extend so far that the remedial system and methods of procedure established by one state or country will yield to those of another, nor that either will recognize or enforce those of the other. Each provides and alters at will its own rules and regulations in the administration of justice, to which those seeking redress in its courts must conform.
So that, the solution of the question presented involves the inquiry whether the provision of the statute above quoted appertains to the remedy on contracts to which it refers, or goes to their validity. We have found no expression on the question by this court, though it has been the subject of repeated adjudications both in England, and in several of the states. This provision of our statute is copied from the 4th section of the English Statute of Frauds; and in the case of Leroux v. Brown, 12 C. B. (74 Eng. C. L.), 801, where the precise question we have before us arose, it was held, that the section affected the remedy only, and was so applied as to defeat a recovery on a parol contract not to 'be performed within a year, which was made in France, where it was capable of proof by *99 parol evidence. The case appears to have been thoroughly argued and considered, and the decision has since been adhered to by the English courts, and followed or cited with approbation by many American cases, and generally accepted by text writers, as the established law. Bain v. Whitehaven, 3 H. L. Cases, 1; Williams v. Wheeler, 8 C. B. N. S., 316; Madison v. Alderson, L. R. 8 App. Case, 467, 488; Pritchard v. Norton, 106 U. S., 127; Dower v. Cheesbrough, 36 Conn., 39; Townsend v. Hargrave, 118 Mass., 326; Bird v. Monroe, 66 Me., 337; Emeng v. Burbank, 163 Mass., 326; Wald’s Pallock on Contracts, 604-607, and notes. Anson on Contracts, p. 79; Brown on the Statute of Frauds, sections 136, lio a; Agnew on Statute of Frauds, 64-66; Wood on Statute of Frauds, section 166; Wharton on Conflict of Laws, section 690. And while the case of Leroux v. Brown has been criticized, those criticisms have been directed chiefly to the distinction drawn between the 4th and 17th sections of the statute, and the opinion expressed that the language of the latter section was such as to render invalid contracts within its provisions, for which reason it did not, as did section 4, constitute a regulation affecting the remedy. This distinction has not met with general approval, and has been repudiated in some of the latter cases, which hold, that the 17th section relates to the remedy, like section 4, and that the difference in the phraseology of the two sections is not such as to warrant a different interpretation in that respect, but that both sections prescribe rules of evidence which courts, where the 'remedy is sought, are required to observe. Townsend v. Hargrave, 118 Mass., 326; Bird v. Monroe, 66 Me., 337, 343; *100 Pritchard v. Norton, 106 U. S., 127 ; Madison v. Alderson, L. R. 8 App. Cas., 467-488 ; Brown on the Statute of Frauds, section 136, note.
In Story on the Conflict of Laws, section 262, a different view of the question was taken, which has been adopted by some courts ; but the decided weight of authority is in accordance with the decision in Leroux v. Brown. The views of Judge Story were brought to the attention of the court in that case; and, in an edition of his work published after that case was decided, a section was added, in which it is said, that “the statute of frauds is, like the statute of limitations, a matter affecting the remedy merely; and if by the law of the forum no action can be maintained on a particular oral contract, if made in that country, the like rule will obtain as to a contract made elsewhere, although it was valid by the law,of the place where made.” Story on Conflict of Laws, 7 ed., section 576.
The question being an open one in this state, we are not disinclined to consider it on principle. The principle which must control its decision is the fundamental one that contracts receive their sanction and interpretation from the law of the place where they are made and to be performed; but the remedy upon them must, be taken and pursued according to the law of the place where they are sought to be enforced; and a decision of the question will be reached when it is ascertained within which of these rules the statute of frauds finds its appropriate place. The language of the statute under consideration, that no action shall be brought on any agreement therein mentioned, unless it, or “some memorandum or note thereof is in writing and signed by the party to be charged,’’ fairly imports *101 that the agreement precedes the written memorandum, and may exist as a complete and valid agree ment, independent of the writing The memorandum, which is merely the evidence of the contract, may be made and signed after the completion of the agreement, and even a letter from the party to be charged, reciting the terms of the agreement, is sufficient to satisfy the requirements of the statute ; but it cannot be said that the letter constitutes the agreement; that was ■ made when the minds of the parties met with respect to its terms, and the letter furnishes the necessary evidence to prove the agreement in an action for its enforcement. And generally, when parties reduce their contracts to writing, the writing becomes the evidence of the agreement which they had previously entered into; and, having adopted that mode of evidencing their .agreement, the parties are not allowed to make proof of it by verbal testimony. This statute, in plain terms, forbids the maintenance of an action in any of the courts of this state, on any agreement which, by its terms, is not to be performed within a year, unless’ the action is supported by the required written evidence. The evidence by which a contract shall be proved is no part of the contract itself, but its admission or rejection becomes a part of the proceeding on the trial, where its competency and sufficiency must be determined. When the required evidence is lacking, the courts must refuse the enforcement of the contract. And it seems clear, that such a statutory regulation prescribing the mode or measure of proof necessary to maintain an action or defense, pertains to the remedy, and constitutes a part of the procedure of the forum in administering the remedy. The statute contains *102 no exception or limitation on account of the place where the contract was entered into, or to be performed; but denies remedy on any contract of the kind designated by it, wherever made, which can not be established by the evidencce required.
That such was the intended scope of the statute is manifest when the purpose of its eactment is considered. Its well known design was, as declared in the English statute of frauds, after which ours, and those of most of the states are patterned, to prevent perjuries and fraudulent practices which were the outgrowth of the general admission of parol testimony to prove almost every kind of contract, and by means of which people were often stripped of their estates, and burdened with liabilities by testimony of alleged conversations and verbal declarations. The opportunities thus afforded for the perpetration of frauds, constituted temptations so strong for the commission of perjuries, that legislation excluding that kind of evidence in a large number of cases became, or was considered a necessity. These mischiefs, to remedy which was the chief aim of the statute, arose from, the admission of oral evidence in trials of actions and suits, and in the course of judicial procedure; and obviously, the opportunity and temptation for the commission of frauds and perjuries by admitting parol proof to establish the contracts with which the statute is concerned, are not any the less in eases where the agreement was made in another state or country, than in those where the agreement involved is' one, made in this state ; the mischief is the same in either case, and to allow the former to be so proved, would, that far at least, prevent the accomplishment of the salutary purposes of the statute. *103 The statute is founded on considerations of public policy, and those of a moral nature, and declares a peremptory rule of procedure which the courts of this state are not at liberty to disregard in defference to the laws of any other state or country.
The agreement set up in the defendant’s answer could not, according to its terms, be performed within one year from the time it was made. An action upon it could be supported only by evidence which complied with the statutory requirements; and to be available as a counterclaim, which is a cross .action, such evidence was indispensable. It was not offered, and the court, we think, properly excluded the parol evidence relied on to prove the agreement. The judg’ment of the circuit must therefore be reversed, and that of the common pleas affirmed.

Judgment accordingly.