# THE PENNSYLVANIA COMPANY

*v.*

# WILLIAM FAIRCHILD *et al.*

1. CONTRACT—*by what law governed.* The law is well settled, that contracts are to be construed according to the laws of the State where made, unless it is presumed, from their tenor, that they were entered into

with a view to the laws of some other State. This rule applies to the contract of a carrier to transport goods marked to a party residing in a different State.

2. EVIDENCE—*carrier's receipt admissible on question of the extent of his undertaking.* Where goods were delivered to a railroad company in Indiana, marked and directed to a consignee in Leavenworth, Kansas, for transportation, its line of road terminating at Chicago, Ill., and it appeared that on the next day the company made out and delivered to the shipper a bill of lading, containing an agreement to carry the goods to the company's freight station in Chicago, and limiting its liability to its own line of road, and that the goods reach Chicago in safety, and were transferred to another company, in whose custody they were burned, it was *held*, in a suit against the company so giving such bill of lading, to recover for the loss, that it was error to refuse to admit in evidence on the part of the company, the shipping order, containing directions as to the shipment and the bill of lading.

APPEAL from the Superior Court of Cook county; the Hon. JOSIAH MCROBERTS, Judge, presiding.

Messrs. LAWRENCE, WINSTON, CAMPBELL & LAWRENCE, for the appellant.

Messrs. TENNEYS, FLOWER & ABERCROMBIE, for the appellees.

Mr. JUSTICE MCALLISTER delivered the opinion of the Court:

This was an action by appellees, brought in the Superior Court of Cook county, against the appellant and the Chicago and Alton Railroad Company, as common carriers, to recover for the loss of a box of merchandise. On the trial before a jury, upon the plea of not guilty, there was a verdict of guilty against appellant, and not guilty as to the Chicago and Alton Company.

It appears that the goods in question were shipped by the Valparaiso Woolen Manufacturing Company, October 5, 1871, at Valparaiso, in the State of Indiana, consigned to appellees at Leavenworth, Kansas, by delivery of them into the custody of the Pittsburgh, Fort Wayne and Chicago Railway

Company, at the former place, which company's railroad was under the control of appellant, and terminated at Chicago. The goods left Valparaiso on the evening of October 5th, were transported to Chicago, the terminus of appellant's road, and there delivered into the custody of the Chicago and Alton Company, October 7th, and while in the car of the latter company, were destroyed by the great fire in Chicago, October 8th and 9th, 1871. There was undisputed evidence tending to show that when the goods were brought to appellant's station at Valparaiso, for shipment, it was by a drayman in the employ of the manufacturing company, who also brought a shipping order from the shipper, according to the custom of the business, purporting to be signed by the shipper, and bearing date October 5, 1871, containing the usual description of package, the direction or destination, and the name of the consignee ; also these words, "delivered to the Pennsylvania Company, operating the Pittsburgh, Fort Wayne and Chicago Railway, the following named articles, or packages, marked and consigned as stated, to be shipped as per directions below, subject to the conditions and exceptions of the company's bill of lading."

The evidence tended to show that the signature was in the hand-writing of other orders from the manufacturing company, upon which the railway company had been accustomed to ship for the former.

A bill of lading for the goods was issued by appellant, bearing date October 6, 1871, containing an agreement to carry the goods to the company's freight station in Chicago, limiting its liability to its own line, and an exception of liability for loss occasioned by fire.

This bill of lading having been produced by appellees on notice, was, together with the shipping order, offered in evidence by appellant, after giving testimony of their execution, but excluded by the court.

The appellant gave evidence of the law of the State of Indiana, to the effect, that the destination of the goods, as

shown by the mark, being beyond the terminus of the railroad receiving the goods to carry, such railroad company, if it carry the goods to the terminus of its own line, and there deliver them into the custody of the next carrier in the line of the transit, will not be liable for the loss of goods after they have so passed out of its possession.   *U. S. Express Co.* v. *Rush*, 24 Ind. 403.   The court below instructed the jury that "if the Pennsylvania Company received the goods, marked and directed to Leavenworth, in Kansas, that made them liable to carry them to that place, and for the value, if lost or destroyed on the way."

The contract for the carriage of these goods was made in Indiana, and the question is, by what law is the contract to be governed.   The rule upon that subject is well settled, and has often been recognized by this court, that contracts are to be construed according to the laws of the State where made, unless it is presumed from their tenor that they were entered into with a view to the law of some other State.   There is nothing in this case, either from the location of the parties, or the nature of the contract, to show that they could have had the law of Illinois in view, or any other law, than that of the place where it was made.   See *Hale* v. *The New Jersey Steam Navigation Company*, 15 Conn. 539, where this doctrine was applied to the contract of a common carrier.

But this view was entirely ignored by the court below, and, as appears by the instruction given for appellees, the transaction was treated precisely as if it had arisen wholly within this State.

We think, also, the court erred in excluding from the evidence the shipping order and bill of lading.   They should, under the circumstances in evidence, have been submitted to the jury.   The evidence tends to show that the bill of lading was called for by the president of the manufacturing company.   It is presumed to have been made at the time it bears date, and though there was evidence tending to show that it was not issued on that day, but not fixing any definite

day thereafter, it was not therefore within the province of the court to withdraw it altogether from the consideration of the jury.

We are of opinion that the court erred in excluding that evidence, and in giving the instruction referred to, ignoring the law of the place where the contract was made. The judgment will be reversed and the cause remanded.

*Judgment reversed.*