### MEUER v. CHICAGO, M. & ST. P. RY. CO.

1. There is no presumption that the statute law of another state is the same as the statute law of the forum.

2. A decision of the highest court of another state as to the law of that state on a particular question, made only one year prior to the execution of the contract in controversy, to which it applies, will be presumed to contain the law in force at the time the contract was executed, in the absence of any other decision or statute to the contrary.

3. *Obiter dicta* of the highest court of another state is some evidence of the law of such state, and in the absence of conflicting evidence, warrants the finding that the law of that state is as stated in the opinion.

4. There is no presumption that a foreign state, whose law governs the contract in controversy, has a statute in relation to such contracts, though there is one in the state of the forum.

5. A contract for the transportation of passengers, as well as live stock and merchandise, must be construed in accordance with the laws of the state where made, though one of the parties was a resident of the state of the forum, unless it is shown that the intention of the parties was to be bound by the law of some other state.

(Opinion filed June 14, 1898.)

Appeal from circuit court, Day county. Hon. A. W. CAMPBELL, Judge.

Action by Anton Meuer against the Chicago, Milwaukee & St. Paul Railway Company to recover for personal injuries received while shipping stock over defendant's road. From a judgment for plaintiff, defendant appeals. Affirmed.

The facts are stated in the opinion.

*John H. Perry,* (*H. H. Field* and *A. B. Kittredge,* of counsel) for appellant.

The presumption is that there were statutes in Wisconsin similar to those of Dakota at the time the contract was made. There was not sufficient proof to overcome this presumption. Comp. Laws § 5302, Churchill on Ev. § 143; Story Conf. of Laws, § 639; 1 Greenleaf Ev. §§ 15-33; Lawson on Pres. Ev. 576; Graves v. Caldwell, 90 Ill. 615.

There was not sufficient proof of the law of Wisconsin at the time of the contract. Hynes v. McDennott, 82 N. Y. 42.

There was not sufficient evidence that the contract was inoperative under the laws of Wisconsin. 19 Am. & Eng. Enc.

of Law 39; U..S. v. Ross, 92 U. S. 281; Manning v. Ins. Co., 101 U. S. 693; Douglass v. Mitchell, 35 Pa. St. 440; Chicago v. Sheldon, 9 Wall. 50; Trust Co. v. Debolt, 16 How. 432; Grepcke v. Dubuque, 1 Wall. 175; Olcott v. Supervisors, 16 Wall. 678; Ufford v. Spalding; 156 Mass. 65.

The validity of the contract in this case is to be determined by the law of Dakota it being the place where the contract was to be performed. Story Conf. Laws, § 280; Bishop Cont. §§ 1390, 1393; Rorer Interstate Law p. 50; Stearn Co. v. Ins. Co., 129 U. S. 397; Coughlain v. Railroad, 142 U. S. 101; Hall v. Cordell, 142 U. S. 116; Wharton Conf. Laws, § 429; Pomroy v. Ainsworth, 22 Barb. 118; Curtis v. Railroad, 74 N. Y. 116; Railroad v. Sheppard, 46 N. E. 61; Brown v. Railroad, 83 Pa. St. 316; Burnett v. Railroad, 176 Pa. St. 45; Dyke v. Railroad, 45 N. Y. 113; Forepaugh v. Railroad, 18 At'l 503; Wheeler on Mod. Law, of Carriers, 185, 192; Pope v. Nickorson, 3 Story, C. C. 465; Barter v. Wheeler, 49 N. H. 9.

*Julian Bennett*, for respondent.

The contract was made and delivered in Wisconsin and under the decision upon the former appeal it is the established law of the case that the non liability clause is to be construed according to the law of that state. Bank v. Gilman, 4 S. D. 265; St. Croix Lumber Co. v. Mitchell, 4 S. D. 487; Davidson v. Doreas, 15 Cal. 75; Yates v. Smith, 40 Cal. 66; Russell v. Harris, 44 Col. 489; Donner v. Palmer, 51 Cal. 629; Carr v. Quigley, 16 Pac. 9; Howard v. Oshkosh, 37 Wis. 242; Cramer v. Stone, 38 Wis. 259; Patton v. Railroad, 36 Wis. 413; Dupont v. Davis, 35 Wis. 631.

A decision on appeal establishing the legal effect of an agreement with reference to rights asserted under it cannot be

modified on a second appeal of the same cause.    The doctrine of *res judicata* appears.    2 Enc. Plead. & Prac. 373; Kane v. Reppy, 22 Or. 299; Sharpstein v. Frielander, 63 Cal. 78; McFarland v. Washburn, 26 Ill. App. 355; Grand v. Livingston, 38 N. Y. Supp. 490.

Where a contract is made in one state to be there partly performed and the law of the place where the contract is made conflicts with the law of another state in which some act under the contract is to be done, the law of the place where the contract is made is to govern its interpretation, operation and effect.    Liverpool etc., Steam Co, v. Ins. Co., 129 U. S. 397; 3 Am. & Eng. Enc. of Law, 544; McDaniel v. Railroad, 24 Ia. 412; Hazel v. Railroad, 48 N. W. 926; Ins. Co. v. Force, 142 N. Y. 90; Grand v. Livingston, 38 N. Y. Supp. 490; Pennsylvania Co. v. Fairchild, 69 Ill. 260; Railroad v. Boyd, 91 Ill. 268; Fonseea v. Steamship Co., 12 L. R. A. 340; Fairchild v. Philadelphia Co., 24 Atl. 79; The Hugo, 57 Fed. 403; The Iowa, 50 Fed. 561; Hale v Nav. Co., 15 Conn. 539; Ryan v. Railroad, 65 Tex. 13; Cantu v. Bennett, 39 Tex. 303; Hartman v. Railroad, 39 Mo. App. 88; Hutchinson on Carriers, pp. 108-110; Morgan v. Railroad, 2 Woods C. C. 244; Williams v. Carr, 80 N. C. 294; Railroad v. Exp. Cotton Mills, 81 Ga. 522.

To ascertain the law of a foreign jurisdiction where the best proof is required reference may be had to the decisions of the highest court within it upon the question involved immediately preceding the time that it is necessary to show the law. Railroad v. Boyd, 91 Ill. 268; Hartman v. Railroad, 39 Mo. App. 88.

CORSON, P. J.    This case was before us at a former term of this court, and the decision on that appeal is reported in 5

S. D. 568, 59 N. W. 945, and in which the facts are fully stated. On that appeal this court held that the contract under which the plaintiff was transported from Wisconsin to this state, having been executed in Wisconsin, was a contract made in that state, but, there being no evidence in the record as to what the law of Wisconsin was as to the right of a common carrier to limit his liability for the negligent acts of himself and servants, the court would presume, in the absence of any evidence upon the subject, that the law of Wisconsin was the same as the law of this state, and hence decided the case then before us in accordance with the laws of this state. On the second trial the plaintiff introduced evidence tending to prove what the law of Wisconsin was upon the subject as to the right of a common carrier to limit by contract his liability for the negligence of himself and servants. The only evidence offered was two decisions of the supreme court of the state of Wisconsin, namely, Annas v. Railroad Co., 67 Wis. 46, 30 N. W. 282, decided in 1886, and Abrams v. Railway Co., 87 Wis. 485, 58 N. W. 780, decided in 1894. The contract in controversy in this case was executed in 1887. The appellant contends that this evidence was insufficient as proof of the law of Wisconsin upon this subject: (1) Because it was insufficient to overcome the presumption that the law of Wisconsin is the same as the law of this state; (2) because there was no evidence as to what the law of Wisconsin was at the time plaintiff's contract was made.

The learned counsel for the appellant assume that this court on the former appeal decided that it would presume that the statute law of Wisconsin was the same as the statute law of this state. In this the counsel are in error. This court simply held that it would presume that the law of Wisconsin

was the same as the law of this state, not that it had a statute similar to that of this state.   Upon this question this court cited with approval Palmer v. Railroad Co., 101 Cal. 187, 35 Pac. 630, in which that court says:   "This cause so far as can be determined from the record, was tried upon the theory that the law of California is applicable.   There is no suggestion that the law of Missouri, where the contract for transportation was made, was put in evidence.   Under such circumstances, we are not at liberty to assume, as a fact, that the state of Missouri has a special statute on the subject, but must presume, as a question of law, that the law of that state is the same as our own."   We are inclined to the opinion that it would be more technically accurate to say that the appellate court will not presume that the law of another state is different from the law of the state in which the contract is sought to be enforced. The party asserting or claiming that it is different assumes the burden of proving that such is the fact.   But in no event will the court presume that the statute law of another state is the same as the statute law of this state.   The contention of appellant that the plaintiff was required to show that Wisconsin had a different statute upon the subject is therefore not tenable.

We cannot agree with counsel for appellant in their contention that the decisions given in evidence, found in the Wisconsin Reports, were insufficient to prove that by the law of Wisconsin common carriers cannot limit their liability for the negligence of themselves and agents.   We are of the opinion that the jury were fully warranted in finding the law of that state to be different from the law of this state, in the absence of conflicting evidence.   The court, in the case of Annas v. Railroad Co., through Mr. JUSTICE TAYLOR, reviewed at great

length the powers of common carriers in that state to limit their common-law liability, and fully adopted the rule laid down by the supreme court of the United States in Railroad Co. v. Lockwood, 17 Wall. 357, except where the carriage is. gratuitous. As this decision was made only one year prior to the execution of the contract in controversy in this action, the court will presume, in the absence of any other decision or statute to the contrary, that the law as laid down in that decision continued in force in that state at the time the contract in controversy was executed. In Ely v. James, 123 Mass. 36, decided in 1877, the supreme court of Massachusetts held the following instruction to the jury as correctly stating the law: "That the unwitten or common law of New York may be proved by parol evidence, or by the books of reports of cases adjudged in the courts of that state, and the plaintiffs' counsel has read in evidence a case from the seventh Johnson, a New York report [Schemerhorn v. Toines, 7 Johns. 311], tending to show that by the law of that state the taking of a promissory note for goods sold is not an extinguishment of the original debt, or *prima facie* evidence of it; and, although this case was decided in 1810, it is the duty of the court to say to the jury that, in the absence of any conflicting evidence, that it is to be taken to be the law of New York at the present time."

Counsel for appellant further contend that much of the opinion in Annas v. Railroad Co. is *obiter dicta*. But, conceding such to be the fact, the case would still be some evidence of the law of Wisconsin, and, in the absence of conflicting evidence, would warrant the jury in finding the law of that state to be as stated in the opinion In Hackett v. Potter 135 Mass. 349, the supreme court, in speaking of a decision in New

Hampshire, says: "It is argued that these statements are *obi-ter dicta;* but, without determining this, it is enough to say that the *dicta* of the supreme judicial court of New Hampshire, found in the reports of cases, are some evidence of what the law of that state is." We do not deem it necessary to discuss the later decision of the Wisconsin court.

Upon the question as to the effect of the Wisconsin decisions, the court below instructed the jury as follows: "Now, first, upon this question of the effect of the stipulation in the contract, it is a question of fact in this case as to what the law of Wisconsin is. The plaintiff offers evidence upon this question, and no evidence is offered by the defendant upon it; and the court having determined the fact that this proof offered by the plaintiff upon this point is admissible, and no counter proof being offered, you will necessarily find upon this point that this stipulation in this contract is ineffectual and inoperative under the laws of Wisconsin, by the laws of which state the rights of the parties in this action are to be determined. Consequently you will not be required to spend any time in deliberating upon this proposition." No exception appears to have been taken to this part of the charge, but counsel for defendant requested the court to charge the jury as follows: "The jury are instructed that there is a presumption that at the time of making the contract in question there was a statute in force in the state of Wisconsin, like the statute in force in the territory of Dakota at that time, which authorized the defendant to limit its liability for injuries to the plantiff received while unloading the stock in question, unless such injuries were caused by the gross negligence, fraud, or willful wrong of the defendant or its employes; that the burden of proof of overcoming such pre-

sumption is on the plaintiff; and you are instructed that the evidence is insufficient to overcome such presumption, or to show that said contract was void under the law of Wisconsin." We are of the opinion that the court properly refused the latter instruction. There was no presumption that there was any statute in force in the state of Wisconsin like the statute in force in this state. While the court trying the case in this state, in the absence of proof that the law of Wisconsin was different from that of this state, would not presume it was different, or, as generally stated, would presume the law of Wisconsin was the same, yet it will not presume that the state of Wisconsin has any statute upon the subject.

This court on the former appeal held that the "contract in this case, having been made in Wisconsin, may be regarded as a contract of that state, and to be interpreted in accordance with the laws of that state." Appellant insists, on this appeal, that this should now be modified, in view of the facts proven in this case that were not shown on the former trial, namely, that the plaintiff was a resident of the then territory of Dakota when this contract was executed, and that it was therefore executed in view of the Dakota law. The rule that any point decided on an appeal becomes the law of the case in all its stages (Lumber Co. v. Mitchell, 4 S. D. 487, 57 N. W. 236; Bank v. Gilman, 3 S. D. 170, 52 N. W. 869) is not questioned; but the appellant contends that the new facts proven on the second trial make a different case. and hence the rule does not apply to this appeal. But we are unable to agree with appellant in this contention. No case has been cited holding that the fact that the respondent was a resident of this territory when the contract was executed affects the character of the

contract as a Wisconsin contract. In Grand v. Livingston, 38 N. Y. Supp. 490, decided in 1896 by the appellate division of the supreme court of New York, both plaintiffs and defendant were residents of New York, but the contract was made in Massachusetts; and it was held that the contract must be interpreted by the law of the latter state. In the opinion that court (all the five judges concurring) says: ''The value which attaches to the exemption clause of this contract depends, necessarily and in any event, upon whether it is to be governed by the law of Massachusetts or by the law of this state; and the determination of this question involves not only a careful examination of the instrument itself, but likewise of all the circumstances attending its execution. First, in importance, therefore, is the fact that the contract was executed in the form er state; and this, of itself, furnishes sufficient reason for concluding that the law of that state is controlling, unless it is made to appear that it was the intention of the parties when entering into the contract, to be bound by the law of some other state. This statement of the law of the place is one which might perhaps be safely permitted to rest upon principle, but it is supported by abundant authority. In the case of Lloyd v. Guibert, 6 Best & S. 100, it was said by Mr. JUSTICE WILLLES, in delivering the judgment, that 'it is generally agreed that the law of the place where the contract is made is *prima facie* that which the parties intended, or ought to be presumed to have adopted, as the footing upon which they dealt, and that such law ought therefore to prevail, in the absence of circumstances indicating a different intention, as, for instance that the contract is to be entirely performed elsewhere, or that the subject matter is immovable property situated in another country.' *  *  *  And

this general rule has been recognized and adopted in this country by an almost unbroken line of decisions of both the state and federal courts, to some of which it may be desirable to advert briefly." It was contended in that case that the fact that New York was the legal residence of the defendant and the actual residence of the plaintiffs should be held by the court as indicating an intention to bring the contract within the operation of the law of New York. But that court declined to so hold, and the release from liability, though valid in New York but invalid under the law of Masachusetts, was held invalid under the law of the latter state. This case was very analogous to the case at bar. The contract made in Boston was to transport a car load of horses from that city to Buffalo, N. Y., and was made by an agent of the plaintiffs at Boston. That court, in its opinion, reviewed at length the authorities, and arrived at the conclusion that the contract was a Massachusetts contract; fully sustaining the views of this court in its former opinion as to the contract in the case at bar being a contract made in, and to be interpreted by, the law of Wisconsin. In addition to the authorities cited in our former decision see McDaniel v. Railroad Co., 24 Iowa, 412; Pennsylvania Co. v. Fairchild, 69 Ill. 260; Dyke v. Railway Co., 45 N. Y. 113; Insurance Co. v. Force, 142 N. Y. 90, 36 N. E. 874; Cox v. U. S., 6 Pet. 172.

In our opinion, the new facts proven on the second trial did not have the effect to take the case out of the rule that a point decided on the former appeal becomes the law of the case in all its stages. But, if we did not apply that rule to this case, we are, upon a review of the question, clearly of the opinion that the decision of the court was correct, and that the doc-

trine may be regarded as practically settled that a contract for the transportation of passengers, as well as live stock and merchandise, unless it is made to appear that it was the intention of the parties, when entering into the contract, to be bound by the law of some other state, must be construed in accordance with the laws of the state where made. These conclusions lead to an affirmance of the judgment, and the judgment of the circuit court is affirmed.