## PARK W. PITTMAN v. PACIFIC EXPRESS COMPANY.

### Decided December 5, 1900.

**1. Common Carrier—Contract Limiting Liability—Lex Loci.**

The validity of a provision in a contract by a common carrier limiting its liability at common law is determined by the law of the place where the contract is made, even though it affects the performance of the contract in another State.

**2. Same—Regulation of Interstate Commerce.**

State statutes prohibiting common carriers from limiting their common law liability by stipulations in the contract of shipment are not in themselves regulations of interstate commerce, and as long as Congress has not legislated upon the particular subject, they are rather to be regarded as legislation in aid of such commerce.

**3. Same—Limitation Void.**

Where the law of the State wherein a contract of carriage is made with a common carrier, though it be for an interstate shipment, forbids the carrier from limiting its common law liability, a stipulation in such contract made by an express company limiting its liability to a certain sum, regardless of the value of the property, is in derogation of such statute and void.

APPEAL from El Paso. Tried below before Hon. J. M. GOGGIN.

*Leigh Clark* and *Patterson & Buckler*, for appellant.

*Edwards & Edwards* and *W. M. Peticolas*, for appellee.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by Park W. Pittman, as assignee of P. E. Kern, to recover of the Pacific Express Company the sum of $345.10 damages for its failure to deliver to appellant a certain lot of jewelry and precious stones which the appellee, in its capacity as express company, received from appellant's assignor in the city of Chicago, Ill., and undertook to transport to El Paso, Texas, and there deliver the same to him.

The defendant in answer alleged that the jewelry and precious stones were shipped under a written contract or bill of lading, in which it was provided that the company should not be liable "for any loss or damage to said property exceeding the sum of $50, which is the value of the property agreed upon as the basis of freight charges, and of which the charges are graduated, unless a just and true value thereof is otherwise herein stated," and that a true value of the property was not stated in the written contract, and therefore it was not liable for a greater sum than $50. It also plead that the true value of the goods was fraudulently withheld and concealed by Kern from the express company at the time of shipment, for the purpose of obtaining a lower freight rate than he could have procured had their real value been disclosed.

By supplemental petitions the plaintiffs plead in replication that the clause in the contract was a limitation upon defendant's common law liability, and was without consideration, and therefore void. That by the statute of the State of Illinois, it is provided that "whenever any property is received by a common carrier to be transported from one place to another within or without this State, it shall not be lawful for such carrier to limit its common law liability safely to deliver such property at the place to which the same is to be transported, by any stipulation or limitation expressed in the receipt given for such property. And that the stipulation in the contract plead by defendant as a defense to plaintiff's action is therefore in derogation of said statute. The case was tried before a jury and a verdict returned in favor of plaintiff for $50, upon which the judgment appealed from was rendered.

It is uncontroverted that the goods were delivered by the agent of plaintiff's assignor in Chicago, Ill., to the defendant, to be transported thence and delivered to Kern in El Paso, Texas. That the contract or receipt given by defendant in Chicago was in writing, and contained the limitation upon defendant's liability as a common carrier plead in its answer; that the statute of Illinois prohibiting a common carrier from limiting its common law liability by contract is as plead by plaintiff in replication. The evidence strongly tends to show that the goods while in transit by rail were forcibly taken from defendant's possession by

train robbers at Gordon, Texas, and was sufficient to warrant the jury in finding that defendant was not guilty of negligence in the loss of the goods and in its failure to deliver them to Kern at El Paso. The goods far exceeded in value the sum of $50.

The court, in effect, charged the jury that if the contract was signed in Chicago by Kern's agent and the express company, and was intended by the parties as a receipt or bill of lading for the package containing the precious stones and jewelry, and that the clause therein, plead by defendant as a limitation upon its common law liability, was intended by the parties to be a part of the contract of shipment, the defendant would be liable only in the sum of $50, with interest thereon, for the loss of the property, unless the package was lost by the negligence of defendant. But if lost by such negligence, the company would be liable for the market value of the property in El Paso.

It is well settled that, in the absence of a statute prohibiting it, all common carriers may, by express or special contract with the shipper, be exonerated from the rigorous rule of the common law, which, in the absence of contract, makes them insurers of the safety of the goods intrusted to them. Provided, however, that such contract is reasonable, and no extortion or coercion is practiced or threatened, and no undue advantage is taken of the shipper to induce him to enter into such agreement. But a common carrier can not by special contract protect himself from the consequences of his negligence.

As the contract was for an interstate shipment, it is apparent that the court below framed the charge under the apprehension that the principle stated was the law applicable to the facts of this case. If this theory of the court were correct, it would not have been error for the court to have left it for the jury to determine whether the stipulations contained in the receipt were fair and reasonable, and constituted the contract upon a sufficient consideration really contemplated by the parties at the time it was given. If, however, as is contended by the appellant, the statute of Illinois prohibiting a common carrier from limiting by stipulation in its bill of lading, or freight receipt, its common law liability, was applicable and governed shipments of this character, it is immaterial whether the receipt expressed the contract made between the parties or not. In the event the contract of shipment is controlled by the provisions of such statute, the stipulations are such as limit appellee's common law liability, and are in derogation of the statute and void. Express Co. v. Hertzberg, 17 Texas Civ. App., 100; Railway v. Parish, 18 Texas Civ. App., 130.

Is, then, the shipment such as is controlled by the statute of Illinois prohibiting such limitation? In the absence of Federal legislation, the validity and effect of the contract between a shipper and carrier for transportation from one State to another is determined by State law, and in most cases this is the law of the State in which the contract is made and where transportation begins. Brockway v. Express Co., 168 Mass., 357, 50 N. E. Rep., 263; Myrick v. Railway, 107 U. S., 102;

Railway v. Solan, 169 U. S., 133; Hutch. on Carr., sec. 144a; 5 Am. and Eng. Enc. of Law, 2 ed., 302. Thus, the validity of a stipulation in a bill of lading in limiting the carrier's liability depends upon the laws of the State of contract. The carriers's contract does not vary with each jurisdiction in which it may be partly performed, for the service rendered is single, the transportation performed and the liability assumed being the measure on the one side by which the compensation to be paid on the other side is determined. Liverpool Steam. Co. v. Insurance Co., 128 U. S., 457; The Henry B. Hyde, 87 Fed. Rep., 681; Railway v. Tabor, 98 Ky., 503; McDaniel v. Railway, 24 Iowa, 412; Meuer v. Railway, 75 N. W. Rep., 823.

The law to be applied to an interstate shipment is the law of the State in which the contract was made, except so far as restrained by the Constitution of the State, or by the Constitution and laws of the United States. Railway v. Solan, supra. As the validity of a provision in a contract is determined by the law of the place where made, if the law of the place prohibits the carrier from limiting its liability by stipulation in the bill of lading, such law will be upheld, though it affects the performance of a contract in another State. Brockway v. Express Co., supra; Davis v. Railway, 93 Wis., 470; Fonseca v. Steamship Co., 153 Mass., 553; Fairchild v. Railway, 145 Pa. St., 527; Railway v. Palmer, 38 Neb., 463.

It has been frequently held in this State that the provision of our statute which prohibits common carriers from limiting their liability as it exists at common law by stipulations in the bill of lading, is valid as applied to contracts for interstate transportation of property. Armstrong v. Railway, 92 Texas, 117, citing Railway v. Solan, supra; Railway v. Dwyer, 75 Texas, 572; Railway v. Carter, 29 S. W. Rep., 565; Railway v. Withers, 40 S. W. Rep., 173; Railway v. Eddins, 26 S. W. Rep., 162. Thus it is seen that the decisions of this State are in harmony with those of the Federal courts and of other States upon the question under consideration.

State statutes prohibiting common carriers from limiting their common law liability by stipulation in the contract of shipment are not in themselves regulations of interstate commerce, although they control in some degree the conduct and liability of those engaged in such commerce. And so long as Congress has not legislated upon the particular subject, they are rather to be regarded as legislation in aid of such commerce. Railway v. Solan, supra; Railway v. Ware, 60 S. W. Rep., 343; Railway v. Eddins, supra, and cases cited.

We conclude, upon principle and authority, that the contract of shipment is controlled and governed by the statute of Illinois which prohibits a common carrier from limiting its common law liability, and that the stipulation in the contract limiting the defendant's liability to $50, regardless of the value of the goods, is in derogation of such statute and void. From this it follows that the court erred in submitting the case

to the jury upon the theory that the defendant could, by the stipulations in the contract, limit its liability as a common carrier.

The issue made by appellee's pleadings, as to whether Kern fraudulently withheld from appellant the true value of the goods for the purpose of obtaining a lower freight rate than would have been allowed had the value been truly stated, was not submitted to the jury and is, of course, not involved in this appeal.

For which error the judgment of the District Court is reversed and the cause remanded.

*Reversed and remanded.*