PACIFIC EXPRESS COMPANY v. PARK W. PITMAN.

Decided December 10, 1902.

1.—Express Company—Liability for Loss—Fraud in Stating Value of Package.

Where the express charges for carrying packages the value of which exceeds $50 are greater than where no value is stated, and a shipper knew this, but for the purpose of obtaining the lowest rate failed to insert the value in the receipt, and the express company did not know the true value, but, if it had so known, would have made a greater charge and also have used greater precaution, such failure to state the value was a fraud on the express company such as discharged it from liability beyond the value of $50 where the package was stolen.

2.—Carrier Limiting Liability—Interstate Commerce.

State statutes prohibiting carriers from making stipulations limiting their common law liability are valid even as to interstate shipments.

3.—Same—Law of Another State.

The validity of such a stipulation depends on the law of the State where the contract was made, as construed by the courts of such State.

4.—Judicial Notice—Construction of Law of Another State.

The court will not take judicial notice of the construction given a statute of another State by the courts thereof.

Appeal from the District Court of El Paso County. Tried below before Hon. J. M. Goggin.

*Edwards & Edwards* and *W. M. Peticolas,* for appellant.

*Patterson & Buckler,* for appellee.

·JAMES, CHIEF JUSTICE.—The case was here on a previous occasion and was reversed and remanded. 29 Texas Civ. App., 595, 59 S. W. Rep., 949. The nature of the case need not be restated.

The receipt given by the express company at Chicago to the agents of Kern for the package contained this stipulation: "That the Pacific Express Company shall not be liable for any loss of or damage to said property, exceeding the sum of fifty dollars (which is the value of the property agreed upon as the basis of freight charges and to which charges are graduated) unless the just and true value thereof is otherwise herein stated."

The circumstances under which this receipt was taken were substantially as follows:

Kern had sent this lot of jewelry and precious stones to Juergens & Anderson Company at Chicago, manufacturing jewelers, for mounting and repairs. The value of the goods was $1400 according to his testimony, and no testimony made the value less than $500. This firm had for a great many years been shipping packages by defendant's express, it having been the daily custom of its messenger who receipted for this package to have on hand a book of defendant's blank receipts for use, and when they shipped packages they would fill out the receipts themselves and have them ready for the messenger when he called for the packages. On this occasion they had a receipt made out for four pack-

ages, including this one. The package was sealed, and nothing was said about value.

Its charges on valuations over $50 were materially greater for each hundred dollars valuation. There was testimony that tended to show that had the defendant been apprised of the value of the contents of the package, it would not only have increased the charge for transporting it, but it would have been placed in the through safe, instead of the local safe, on its cars, and would not have been lost. There being testimony of the foregoing facts, defendant asked the following instruction:

"If you believe from the evidence that at the time that the package in controversy in this case was shipped by Juergens & Anderson Company, the defendant's charges for transporting packages when the true value was stated in the receipt and the value was more than $50 were greater than they were if no value was stated in the receipt, and Jueergens & Anderson knew this, and for the purpose of obtaining a lower freight charge did not insert the value of the property in the bill of lading or receipt, and defendant company did not know the true value of said property, and you believe that defendant placed said package in what is described in the testimony as the "local" safe because the defendant did not know its true value, and you believe further that had the value been inserted in said receipt the package would have been placed in what is described in the testimony as the through safe, and that had the package been placed in the through safe it would not have been stolen in the robbery, and you believe that said package, if placed in the through safe, would in due course of transportation have been delivered to P. E. Kern at El Paso, Texas, then you will find for the plaintiff in the sum of $50 tendered by defendant."

Before proceeding further we shall dispose of the contention of appellee that the instrument was neither a receipt nor a contract because no property is mentioned in it. The instrument as it appears in the record shows that it was given in connection with property addressed to P. E. Kern, El Paso, Texas. It was therefore competent by parol testimony to identify the property.

The matter of estoppel was pleaded, and we think defendant was entitled to the instruction. The agents of Kern knew the value of the package, and the jury could from the evidence have found and been warranted in finding that defendant did not know such value, and might have found all the other facts referred to in the charge, in the affirmative.

This issue had nothing whatever to do with the question of defendant's power to limit its common law liability, nor was it involved in the prior appeal. In Railway v. Burke, 55 Texas, 333, it was stated: "Whilst under our statute it is no defense for a carrier sued for goods lost, however valuable, to reply that by the terms of the bill of lading he was not responsible for such goods, because beyond question he would at common law be liable for the loss of money or other valuables

whether a bill of lading were given specifying them or not, it is not believed that the statute in anywise restricts the operation of the common law rule that where the shipper of valuables practices a fraud on the carrier, either by his acts or omissions, fraudulently concealing the value of the articles shipped, the carrier is discharged. If the defense had been made and substantiated that Mrs. Burke, knowing the contents of the bill of lading in use by the company, and knowing that good faith to the company required her to give information in regard to jewelry, articles of gold and silver, etc., shipped by her, concealed the fact and value of the shipment of such articles, shipping them in a way that would naturally lead the carrier to believe them of small value, there are common law authorities that they would operate a fraud on the carrier and would discharge him from liability." See also Railway v. Maddox, 75 Texas, 308; Schaact v. Railway, 30 S. W. Rep., 742; Hutchinson on Carr., sec. 213; 2 W. & W., sec. 74.

In the present case the company undoubtedly had notice that the package contained articles in the nature of jewelry, but not of the specific articles nor their value. That appears to have been known only to the shippers. The evidence shows that it was for the shipper to indicate the greater value, and that such indication on the receipt in this instance would have had the effect of increasing defendant's compensation, also of increasing defendant's precautions for the safety of the package. Failure to do this was for all practical purposes a misrepresentation, or concealment by the shipper of a fact calculated to induce the carrier to treat the package as of small value and to relax its diligence in regard to it, and there is testimony that it in fact had this effect. The charge proceeds upon sound principles of law, and should have been given.

If under this instruction the verdict were favorable to defendant, it would be conclusive of the case. But as the verdict may be otherwise on this issue, it is necessary in remanding the cause to consider the clause in the receipt or bill of lading which was designed to restrict defendant's common law liability. As held in the previous opinion, the relation of the parties would be governed by the laws of Illinois, the place of the contract. The statute of that State as construed here, at the time of the shipment, would enter into the contract. The Illinois statute reads: "That whenever any property is received by a common carrier to be transported from one place to another, within or without this State, it shall not be lawful for such carrier to limit his common law liability safely to deliver such property at the place to which the same is to be transported, by any stipulation or limitation expressed in the receipt given for such property."

This statute, as pleaded and proved, expressly applies to interstate shipments as well as local shipments, and as shown by the authorities cited in the opinion on the former appeal, the statute in this respect is a valid exercise of the State's legislative power. See also Railway v. McCann, 174 U. S., 580.

The question of the construction of the Illinois statute by the courts

of that State was not considered when the case was here before. Nor could it for that matter be considered on the present appeal, for the reason that we can not take judicial notice of the particular construction given a statute in another State. To enable us to do this for the purpose of revising the judgment on account of such matter, the evidence of such construction, as well as the statute itself, ought to appear in the statement of facts.

The cases cited by appellant as construing such statute are Railway v. Simon, 43 Northeastern Reporter, 593, and Railway v. Carter, 46 Northeastern Reporter, 375. They seem to hold that the statute applies only to mere receipts given for goods, as distinguished from contracts of shipment, and that a receipt in form containing such restrictive stipulation is not within the condemnation of the statute if the shipper at the time knows of the stipulation and assents to it,—that the applicability of this statute hinges on this question of fact in the case of a receipt.

Upon another trial, if it is made to appear that the Illinois statute as construed in that State at the time of this transaction is as above stated, then defendant would be entitled to have the case submitted in conformity with that construction.

*Reversed and remanded.*