## I. S. Ginsburg et al., Appellees, v. Adams Express Company, Appellant.

### Gen. No. 15,435.

1. COMMON CARRIERS—*by what law contract of shipment governed.* A contract of shipment made in another state is to be governed by the laws of that state both as to interpretation and effect.

2. COMMON CARRIERS—*effect of acceptance of express receipt.* Under the laws of New York in the absence of fraud, misrepresentation or concealment, the acceptance of such a receipt containing limitations upon the amount of the recovery unless the true value of the merchandise shipped is stated in the receipt, is valid and enforceable as a contract.

3. CONTRACTS—*when laws of another state enforced.* The law of the place of the contract will be enforced in our courts although opposed to the law of this state, unless to enforce it would contravene our criminal laws, or would sanction vice or immorality, or be opposed to natural justice, or transgress a positive prohibition of law, or be opposed to the general interests of our citizens.

Action commenced before justice of the peace. Appeal from the Circuit Court of Cook county; the Hon. EDGAR ELDREDGE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Reversed and remanded. Opinion filed April 7, 1911.

CHARLES B. ELDER, for appellant.

ADOLPH MARKS, for appellees; E. N. ZOLINE, of counsel.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

This action was commenced before a justice of the peace, who entered judgment for $200, from which an appeal to the Circuit Court was taken. The case was there tried before a court and a jury, and the trial resulted in a judgment in favor of the plaintiffs, appellees, for $217.50. This appeal is prosecuted from the judgment.

The recovery sought was for the value of a package of silks, said to be worth $212, being one of two packages shipped April 27, 1905, to the plaintiffs, appellees, by L. F. Dommerich & Company at New York City. The goods had been made, or selected by the shipper, from stock, to fill a purchase order from the plaintiffs.

At the time of the shipment a receipt purporting to acknowledge the receipt of the articles, subject to the contract printed below, was signed by the driver of the defendant, appellant, who received the packages in question. This receipt had been filled out by an employe of Dommerich & Company, from a book of similar receipts in his possession, and was tendered to the driver, for signature, with the goods. It contained a space for stating the value of the goods, and one of the printed conditions at the foot provided that the shipper agreed that the value of the property was not more than $50, unless a greater value was stated therein, and that the defendant should not be liable in any event for more than that amount, if no value was stated, or for more than the value stated. No value was stated in the receipt nor was anything said about the value of the goods at the time of shipment.

It appears from the record that the rates of the express company increased with the value of the goods shipped over $50 at the rate of ten cents per hundred dollars, and that it treated goods of greater value than $50 in a different manner than it did goods of a value not exceeding $50. The former were handled through the money department, with greater care than the lat-

ter, and kept under the personal charge of a messenger all the time. The latter were handled with the ordinary matter. The charge for carriage of the package in question was fixed at the $50 rate, and it was handled as an ordinary package of a value not exceeding $50. The package was lost in transit and the defendant express company was unable to find it or to explain its loss.

The case was tried below without any reference to the provisions of the Interstate Commerce Act, and no questions are raised under that act by the evidence in the case. Hence Ellison v. Adams Express Company, 245 Ill. 410, is not applicable. In that case the shipment was made by the consignors to their own order and there was no evidence, and claim made thereon, that they knowingly and wilfully by failing to state the value, obtained the transportation at less than the regular rate in violation of the Interstate Commerce Act. There is no such evidence in this record.

The defendant asked a peremptory instruction in its favor, at the close of all the evidence, having first tendered the sum of $50 to the plaintiff, and kept the tender good in court. The court overruled the motion for a peremptory instruction and refused to give the instruction. The court also refused instructions submitting the question to the jury under the New York law limiting the recovery to $50, and all other instructions upon the right of the plaintiffs to recover more than $50 under the contract in question. These rulings of the court, as well as certain rulings on evidence, are assigned for error in this court.

The first question in contention between the parties is whether the contract of shipment here involved is a New York contract or an Illinois contract.

The second question of importance in the case is whether as matter of law the receipt in evidence is to be treated as a binding contract between the parties in each and all of its provisions.

The further contention between the parties is whether the clause of the receipt limits the right of recovery

in case of the loss of the goods, to the sum of $50, because the true value is not stated therein, or whether plaintiffs, notwithstanding the restriction as to the question of carrier's liability, can recover the full value of the goods as shown by the evidence.

The evidence shows without dispute that the contract of shipment here involved was made in New York State, and under the well settled rule of law, it must be held that it is a New York contract, and governed by the laws of New York applicable to such a contract, both as to the interpretation and effect of the contract. Pennsylvania R. R. Co. v. Fairchild, 69 Ill. 260; M. & St. P. Ry. Co. v. Smith, 74 Ill. 197; Merchants Dispatch T. Co. v. Furthmann, 149 Ill. 66.

The law of the place of the contract will be enforced in our courts although opposed to the law of this state, unless to enforce it would contravene our criminal laws, or would sanction vice or immorality, or be opposed to natural justice, or transgress a positive prohibition of law, or be opposed to the general interests of our citizens. Phinney v. Baldwin, 16 Ill. 108; C. & E. I. R. R. Co. v. Rouse, 178 Ill. 132.

We deem it unnecessary to discuss the question as to whether the law of this state differs from the law of New York, for the law of New York must govern the case, for the reason that it does not fall within any of the exceptions to the rule that the law of the state where the contract is made must be applied to the contract. In other words the public policy of this state, or the considerations above enumerated, do not apply to the contract in question.

The second question is as to whether as a matter of law the receipt in evidence is to be treated as a binding contract between the parties, in each and all of its provisions. Upon that question the defense offered in evidence the statutes of the State of New York establishing and showing the jurisdiction of its courts, and decisions of those courts were read in evidence at the trial. The decisions of the New York State courts

show that the law of that state is well settled as to the effect of the acceptance of a receipt from a common carrier, at the time of shipment of goods, containing provisions limiting its liability. The decisions show that such a provision in a contract between the parties, in the absence of fraud, misrepresentation or concealment, constitutes a valid and legal contract, and that where a receipt such as the one given in evidence in this case is made out and accepted, under the conditions shown as to the receipt in question here, the shipper and consignee are bound by the provisions thereof, and that the receipt constitutes the contract between the parties. Magnin v. Dinsmore, 56 N. Y. 168; Belger v. Dinsmore, 51 N. Y. 166; Tewes v. North German Lloyd Steamship Company, 186 N. Y. 151; Kirkland v. Dinsmore, 62 N. Y. 171; Zimmer v. N. Y. Central R. R. Co., 137 N. Y. 460.

We must hold, therefore, that the receipt in question, including the provision for the limitation of liability to the sum of $50, constitutes the contract between the parties, and that a recovery of more than $50 cannot be allowed under the contract in question.

It follows, from these considerations, that the court below erred in refusing to instruct the jury, as requested, that the defendant's liability would be limited to $50, and in refusing the peremptory instruction for the defendant on the ground that under the evidence no larger verdict could be recovered.

We think also that the rulings of the court in allowing interest were erroneous. There is no evidence in the case of any unreasonable or vexatious delay. A tender of $50 was promptly made by the express company.

The verdict and judgment is excessive in amount. The court also erred in not permitting the cross-examination of Ginsburg as to plaintiff's title to the goods in question.

For the reasons given the judgment is reversed and the case remanded.

*Reversed and remanded.*