## LANCASTER et al. v. HOUGHTON.
### (No. 1438.)

(Court of Civil Appeals of Texas. El Paso. March 8, 1923.) Rehearing Denied April 12, 1923.)

1. Carriers ⬅⮕158(1) — Interstate Commerce Commission has no power to compel shipper to take less than actual value of goods lost; statute prohibits such limitations of liability.

The power of the Interstate Commerce Commission to fix rates does not enable it to require a shipper in intrastate commerce to accept less than the actual value of goods lost in shipment, even though he has signed a contract containing such limitations, since Rev. St. arts. 707, 708, prohibit such limitations of liability.

2. Carriers ⬅⮕158(1)—Limitation for loss of household goods of 10 cents per pound held unreasonable.

A valuation of each article of household goods shipped by carrier at 10 cents per pound beyond which it attempts to limit its liability for loss of such goods is unreasonable and should not be enforced, since it is a matter of common knowledge that some articles of small weight are of great value, whereas others of greater weight are of small value.

3. Carriers ⬅⮕110—Carrier not liable for watch and cuff buttons included in shipment of household goods.

Since a watch and cuff buttons, valued at $20, are not household goods, their presence in a shipment to a carrier without revealing their special value is a fraud upon the carrier which discharges its liability for loss of those articles irrespective of Rev. St. arts. 707, 708.

4. Judgment ⬅⮕255—Where agreed valuation of lost goods was a certain amount, judgment for higher held erroneous.

Where the agreed valuation of loss of goods sustained by a shipper was a certain amount, it was error to enter judgment for a larger amount.

Appeal from Eastland County Court, at Law; J. H. Jones, Judge.

Action by O. R. Houghton against J. L. Lancaster and others, receivers. Judgment for plaintiff, and defendants appeal. Judgment reformed and, as reformed, affirmed.

Conner & McRae, of Eastland, for appellants.

Marks & Flaherty, of Ranger, for appellee.

HARPER, C. J. This action was begun by O. R. Houghton in the justice court of Eastland county against the appellants and others to recover the sum of $200 as the value of certain articles of clothing and other merchandise, including a watch, gold cuff buttons, etc., shipped from Comanche, Tex., to Ranger, Tex., and lost in transit.

Trial in justice court resulted in a judgment for plaintiff and against the receivers, Lancaster and Wallace, of the Texas & Pacific Railway Company. Appealed to the county court, where, by written answer filed in the latter court, appellants specially averred that under the written contract executed by appellee for the transportation of his shipment the carriers handling said shipment transported same from Comanche, Tex., to Ranger, Tex., and there delivered it to him in like condition to that in which it was received; that in the execution of such contract appellee specially executed the following provisions thereof, to wit:

"Certain rates are based on value of articles shipped. Where classification or commodity tariffs provide rates on value, the value must be stated in space provided below and must be signed by shipper or his agent (this signature being in addition to signature in space provided in lower left corner of bill of lading).

"Shipper hereby declares the value of property herein described to be $1,200.00.
            "O. R. Houghton, Shipper."

That said shipper at the time of entering into said contract placed the total estimated weight of his shipment at 12,000 pounds; that under the schedules, classification, and tariffs applicable to such shipments the class rates thereon based upon the aforesaid valuation and weight was 23½ cents per hundredweight, which rate was less than that which would have applied had a greater valuation than that declared by the shipper been made; that in said shipping contract it is specially provided that the amount of any loss or damage for which any carrier is liable shall be computed on the basis of the value of the property at the time and place of shipment, including the freight charges, if paid, so that if the defendant carriers were liable at all such liability would not be more than an amount equivalent to $10 per hundredweight of the goods actually lost or damaged. It was further averred that under the applicable classification, bank bills, coin or currency, deeds, drafts, notes or valuable papers of any kind, jewelry, precious metals or articles manufactured therefrom, should not be accepted for shipment unless otherwise provided, and that any articles of such character shipped by appellee should not be taken into consideration in ascertaining the liability of appellants, if any, for injury or damage to or for the loss of same.

Tried before the court upon agreed statement of facts, resulting in judgment for appellee for $200, with interest, etc. From which this appeal.

No answer brief by appellee.

There are several assignments and propositions urging that this case is ruled by the so-called Shreveport Rate Case. Houston, E. & W. Tex. Ry. Co. et al. v. United States, 234 U. S. 342, 34 Sup. Ct. 833, 58 L. Ed. 1341. But the eighth proposition in the brief

sufficiently presents the questions for the purpose of discussion:

"It appearing that ·by indorsement specially executed by appellee on the face of the bill of lading covering the .shipment herein involved, he declared the .value of the shipment to be $1,200, based upon ·an estimated weight of 12,000 pounds, or an equivalent of 10 cents per pound, in consequence of which a lower transportation charge was assessed and collected by the carriers than would have been applicable under the tariffs and' classifications lawfully in effect when the shipment was made, and' applicable alike to intrastate and interstate shipments, had the value then been declared to be what it is not claimed then to have been, appellees are now estopped to assert that the articles lost out of such shipment (weighing 35¼ pounds) were of a greater value than that.stated by appellee at the time the shipment was made, and the liability of appellants for. the damage they sustained while in course of transportation is limited to the proportionate value so declared by the shipper, notwithstanding the existence of articles 707 and 708, Revised Statutes of 1922, since such optional rates were published and put into effect by appellants and other common carriers in Texas in obedience to a competent order of the Interstate Commerce Commission directing and requiring them to remove from their tariffs and classifications then in effect certain specific discriminations found by said Commission unlawfully to exist against and to be unduly prejudicial to interstate commerce between Shreveport, La., and points in Texas, so that it was· error to render judgment herein for more than $3.53 on account of the loss of said.articles."

The agreed statement of facts shows that:

"On November 13,‑1920, plaintiff entered into a written contract of shipment with the Fort Worth & Rio Grande Railway Company for the transportation from Comanche, Tex., to Ranger, Tex., via that line to Dublin, thence via the Missouri, Kansas & Texas Railway of Texas to Cisco, and thence via the Texas & Pacific Railway (then and now operated by defendants J. L. Lancaster and. Charles L. Wallace, receivers) to destination, a distance of 60 miles, of a carload of household goods in car ACL–31812; that on the face of such shipping contract there is the following indorsement signed ·by plaintiff in addition to his signature· to the. contract itself: 'Shipper hereby declares the value of·.property herein described to be $1,200.00.'

"That the goods, wares and merchandise contained in said shipment of household goods loaded in·said car by plaintiff were delivered to said Fort Worth & Rio Grande Railway Company at Comanche, Tex., in good condition, and were transported by said carriers to destination except as hereinafter noted; that upon arrival of said shipment of household goods at Ranger, its destination, the following articles that had been placed in said car by plaintiff at Comanche, Tex., were found to be missing and were a total loss to plaintiff, viz.: 2 suits clothes; 1 sweater; 2 pair khaki pants; 1 pair leather leggins; 4 ties; 1 Enders razor; 1 dozen razor blades; 5 pair hose; 1 dozen handkerchiefs; 2 shirts; 2 pair boxing gloves; 1 blanket; 1 mirror; 2 dozen jars preserves; 1 Waltham watch; 1 set gold cuff buttons.

"That the reasonable value of the articles listed above, with the exception of the watch and cuff buttons, was $145.20, both at the point of origin and of destination of said shipment, and that the approximate weight thereof was 35¼ pounds; that the reasonable value of the aforesaid watch and cuff buttons, both at Comanche and Ranger, was $20; that plaintiff was the owner of said carload of .household goods, including the articles listed above, at the time same was delivered to said Fort Worth & Rio Grande Railway Company at Comanche and at the time said·shipment was surrendered to him at Ranger by defendants J. L. Lancaster and Charles L. Wallace, receivers; that when said carload of household goods was shipped at Comanche transportation charges of $28.20 (plus 85 cents war tax) were prepaid, based on an estimated weight of 12,000 pounds at a rate of 23.5 per hundredweight, but upon arrival of said shipment at destination plaintiff paid an additional transportation charge of $18.80 (plus 50 cents war tax), making an aggregate transportation charge of $47, exclusive of war tax, based on a minimum weight of 20,000 pounds at said rate of 23.5 per hundredweight; that the car in which said shipment of household goods was loaded and transported was less than 50 feet 6 inches in length.

"That at the time said shipment of household goods was delivered to the aforesaid carriers for transportation, Western Classification No. 56, R. C. Fyfe's Interstate Commerce Commission No. 14, and items 14 and 16 thereof, as well as the other items and provisions of said classification and of such other tariffs and supplements as are hereinafter specified and referred to, were in force and effect, having been duly adopted and filed with the Interstate Commerce Commission, which said items 14 and 16 prescribed a rating of third class ·on household goods where the value· thereof is declared in writing by the shipper to be not in excess of 10 cents per pound."

[1] We recognize that the question is settled in so far as the Interstate Commerce Commission's· power to fix rates by the proceedings and rulings above cited in interstate shipments and in intrastate shipments if the latter should be held to be· an unjust discrimination. against the former, but we cannot hold that this includes authority to bind a shipper to accept less than the actual value of goods shipped converted, lost, or destroyed in shipment, even though he has signed a contract containing such limitation, but are of the opinion that articles 707 and 708, Revised Statutes of Texas apply, and prohibit such limitation of liability.

[2] Besides, it would seem that to fix a valuation of each article of household goods at 10 cents per pound is unreasonable, and should not be enforced, for it is a matter of common knowledge that some articles of small weight are of great value, whilst others of greater weight are of small value.

[3] The next is that the watch and cuff buttons of the agreed value of $20 are not household goods, and that their presence in the shipment nor their special value not being revealed constitutes a fraud upon the

carrier which discharged it from liability for loss irrespective of articles 707 and 708, Revised Statutes. This is well taken. Railroad Co. v. Burke, 55 Tex. 323, 40 Am. Rep. 808; Ry. Co. v. Maddox, 75 Tex. 300, 12 S. W. 815; Express Co. v. Pitman, 30 Tex. Civ. App. 626, 71 S. W. 312.

[4] The eleventh proposition is that the agreed statement of facts shows that the reasonable value of the watch and cuff buttons was $20 and of the other articles lost was $145.20. It was therefore error to render judgment for $200.

The agreed statement of facts shows a total valuation of all articles lost of $165.20, including the watch and cuff buttons. The judgment, therefore, is reformed and here affirmed for $145.20.

Reformed and affirmed.

---

⬥➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes