FANNY E. EMERY *vs.* HORACE H. BURBANK, executor.

Middlesex.          January 8, 9, 1895. — March 9, 1895.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Oral Agreement to make Will — Statute — Foreign Law.*

An action was brought on an oral agreement, alleged to have been made in Maine, in 1890, by A., the defendant's testator, to the effect that, if the plaintiff would leave Maine and take care of A., the latter would leave the plaintiff all his

property at his death and would also put four thousand dollars into a house which the plaintiff should have; and evidence was introduced at the trial tending to prove the agreement as alleged. *Held*, that St. 1888, c. 372, which provides that an agreement to make a will or give a legacy or devise by will shall not be binding unless in writing, was a bar to the action, and that the fact that the plaintiff had furnished the stipulated consideration did not prevent the application of the statute.

HOLMES, J.   This is an action on an oral agreement, alleged to have been made in Maine in 1890, by the defendant's testatrix, Mrs. Rumery, to the effect that, if the plaintiff would leave Maine and take care of Mrs. Rumery, the latter would leave the plaintiff all her property at her death, and also would put four thousand dollars into a house which the plaintiff should have. At the trial evidence was introduced tending to prove the agreement as alleged.   The presiding justice ruled that the action could not be maintained, and the case is here on exceptions. As we are of opinion that the ruling must be sustained under St. 1888, c. 372, requiring agreements to make wills to be in writing, a fuller statement of the facts is not needful.

There is no doubt of the general principles to be applied.   A contract valid where it is made is valid everywhere, but it is not necessarily enforceable everywhere.   It may be contrary to the policy of the law of the forum.   *Van Reimsdyk* v. *Kane*, 1 Gall. 371, 375.   *Greenwood* v. *Curtis*, 6 Mass. 358.   *Fant* v. *Miller*, 17 Grat. 47, 62.   Or again, if the law of the forum requires a certain mode of proof, the contract, although valid, cannot be enforced in that jurisdiction without the proof required there. This is as true between the States of this Union as it is between Massachusetts and England.   *Hoadley* v. *Northern Transportation Co.* 115 Mass. 304, 306.   *Pritchard* v. *Norton*, 106 U. S. 124, 134.   *Downer* v. *Chesebrough*, 36 Conn. 39.   *Kleeman* v. *Collins*, 9 Bush, (Ky.) 460.   *Fant* v. *Miller*, 17 Grat. 47.   *Hunt* v. *Jones*, 12 R. I. 265, 266.   *Yates* v. *Thomson*, 3 Cl. & Fin. 544, 586, 587. *Bain* v. *Whitehaven & Furness Junction Railway*, 3 H. L. Cas. 1, 19.   *Leroux* v. *Brown*, 12 C. B. 801.   When the law involved is a statute, it is a question of construction whether the law is addressed to the necessary constituent elements, or legality, of the contract on the one hand, or to the evidence by which it shall be proved on the other.   In the former case the law affects contracts made within the jurisdiction, wherever sued, and may

affect only them. *Drew* v. *Smith,* 59 Maine, 393. In the latter, it applies to all suits within the jurisdiction, wherever the contracts sued upon were made, and again may have no other effect. It is possible, however, that a statute should affect both validity and remedy by express words, and this being so, it is possible that words which in terms speak only of one should carry with them an implication also as to the other. For instance, in a well known English case Maule, J. said, " The fourth section of the statute of frauds entirely applies to procedure." And on this ground it was held that an action could not be maintained upon an oral contract made in France. But he went on · " It may be that the words used, operating on contracts made in England, renders them void." *Leroux* v. *Brown,* 12 C. B. 801, 805, 827. We cite the language, not for its particular application, but as a recognition of the possibility which we assert.

The words of the statute before us seem in the first place, and most plainly, to deal with the validity and form of the contract. "No agreement . . . shall be binding, unless such agreement is in writing." If taken literally, they are not satisfied by a written memorandum of the ·contract ; the contract itself must be made in writing. They are limited, too, to agreements made after the passage of the act, a limitation which perhaps would be more likely to be inserted in a law concerning the form of a contract than in one which only changed a rule of evidence. But we are of opinion that the statute ought not to be limited to its operation on the form of contracts made in this State. The generality of the words alone, "no agreement," is not conclusive. But the statute evidently embodies a fundamental policy. The ground, of course, is the prevention of fraud and perjury, which are deemed likely to be practised without this safeguard. The nature of the contract is such that it naturally would be performed or sued upon at the domicil of the promisor. If the policy of Massachusetts makes void an oral contract of this sort made within the State, the same policy forbids that Massachusetts testators should be sued here upon such contracts without written evidence, wherever they are made.

If we are right in our understanding of the policy established by the Legislature, it is our duty to carry it out so far as we can do so without coming into conflict with paramount principles.

"If oral evidence were offered which the *lex fori* excluded, such exclusion, being founded on the desire of preventing perjury, might claim to override any contrary rule of the *lex loci contractus*, not only on the ground of its being a question of procedure, but also because of that reservation in favor of any stringent domestic policy which controls all maxims of private international law." Westlake, Priv. Int. Law, (3d ed.) § 208. Wharton, Confl. Laws, (2d ed.) § 766.

In our view, the statute, whatever it expresses, implies a rule of procedure broad enough to cover this case. It is not necessary to decide exactly how broad the rule may be, — whether, for instance, if, by some unusual chance, a suit should happen to be brought here against an ancillary administrator upon a contract made in another State by one of its inhabitants, the contract would have to be in writing. The rule extends at least to contracts by Massachusetts testators. It might be possible to treat the words, "signed by the party whose executor or administrator is sought to be charged," as meaning "signed by the party whose executor or administrator is sought to be charged in Massachusetts," and to construe the whole statute as directed only to procedure. Compare *Fant* v. *Miller*, 17 Grat. 47, 72 *et seq. Denny* v. *Williams*, 5 Allen, 1, 3, 9. Upon this question also we express no opinion. All that we decide is that the statute does apply to a case like the present.

The law of the testator's domicil is the law of the will. A contract to make a will means an effectual will, and therefore a will good by the law of the domicil. In a sense, the place of performance, as well as the forum for a suit in case of breach, is the domicil. We do not draw the conclusion that therefore the validity of all such contracts, wherever sued on, must depend on the law of the domicil. That would leave many such contracts in a state of indeterminate validity until the testator's death, as he may change his domicil so long as he can travel. But the consideration shows that the final domicil is more concerned in the policy to be insisted on than any other jurisdiction, and justifies it in framing its rules accordingly. There would be no question to be argued if the law were in terms a rule of evidence. It is equally open for a State to declare, upon the same considerations which dictate a rule of evidence, that a contract

must have certain form if it is to be enforced against its inhabitants in its courts. Legislation of this kind for contracts which thus necessarily reach into the jurisdiction in their operation hardly goes as far as statutes dealing with substantive liability which have been upheld. *Commonwealth* v. *Macloon*, 101 Mass. 1.

If the statute applies, the fact that the plaintiff has furnished the stipulated consideration will not prevent its application.

*Exceptions overruled.*

*E. Greenhood*, for the plaintiff.

*A. Hemenway*, (*H. C. Mulligan* with him,) for the defendant.