# CASES

ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF MINNESOTA.

DAVID TOZER v. J. C. O'GORMAN, Receiver, and Others.[1]

June 4, 1896.

Nos. 9754—(97).

**Corporation—Receiver—Stockholder—Enjoining Entry of Judgment.**
  *Held*, following O'Gorman v. Sabin, 62 Minn. 46, that the trial court did not err in dissolving an injunction in this action restraining the plaintiff in the first-named action from entering judgment on his verdict therein.

Appeal by plaintiff from an order of the district court for Washington county, Williston, J., dissolving an injunction.    Affirmed.

*J. N. Castle*, for appellant.
*J. N. Searles*, for receiver, respondent.

START, C. J.    This action was brought by the plaintiff, Tozer, on behalf of himself and others similarly interested as stockholders of the corporation of Seymour, Sabin & Co., against O'Gorman as receiver of such corporation, and against O'Gorman personally, and other defendants.    The gist of the cause of action alleged in the complaint is that O'Gorman, as receiver, was directed by the court to sell the property of the corporation of Seymour, Sabin & Co., and he did sell the same to the defendant Searles for $55,000, who directed the property

[1] Reported in 67 N. W. 666.
    65 M.—1

to be transferred and delivered to the defendant the Minnesota Commercial Company, and it was so delivered by O'Gorman, as receiver, without payment of any portion of the purchase price, in violation of the orders of the court, and that no part of the purchase price has ever been paid.    The prayer for relief is an injunction restraining the Commercial Company from disposing of the property pending the action, that the transfer to it of the property be declared void, and that the property be restored to the court for the benefit of the creditors and stockholders of Seymour, Sabin & Co., and for personal judgment against the defendants O'Gorman and Searles for any deficiency.    It is to be noted that no claim is made that the property did not sell for its full value.    The wrong complained of is that it was delivered without first being paid for, and, further, that the plaintiff's right to maintain the action is based on the fact that he is a stockholder.    The decision on a former appeal in this case is reported in 60 Minn. 42, 61 N. W. 895, to which reference is made for a more complete statement of the allegations of the complaint.    A temporary injunction was issued in the case, restraining the Minnesota Commercial Company from disposing of the property pending the litigation.

When this action was commenced, another action in the same court was pending, wherein the defendant herein (O'Gorman, as receiver), was plaintiff, and the plaintiff herein (Tozer) and others were defendants, upon an undertaking, executed by them to O'Gorman, as receiver, whereby they promised and agreed that, if he would deliver to the Minnesota Commercial Company the property of Seymour, Sabin & Co., sold by him as receiver for $55,000 (being the same sale and property set out in the complaint in this action), they would pay to him, as receiver, the amount of such purchase price.    The defendant Tozer (the plaintiff herein), with other defendants, answered in that action.    A trial was had, resulting in a verdict (as corrected) against the defendants for the full amount of the purchase price on such sale and interest,—in all, the sum of $75,280.61.    The defendants appealed to this court from an order of the district court denying their motion for a new trial, and the order was affirmed.    See O'Gorman v. Sabin, 62 Minn. 46, 64 N. W. 84.    After the remittitur from this court was sent down, the plaintiff in this case, on his affidavit and the records, obtained, ex parte, a temporary injunction from the court commissioner, restraining the receiver from proceeding in his action

against Tozer and others, from entering judgment on his verdict. On motion, the district court made its order dissolving the injunction. From this order the plaintiff in this action appealed.

The order was right. The principal ground, and the only one we need consider, urged by the plaintiff, why the court erred in dissolving the injunction, is that, if judgment is entered and collected in the case of O'Gorman v. Tozer and others, it will defeat this present action. Concede this, without so deciding, and it furnishes a conclusive reason why the order appealed from was properly made. The plaintiff does not seek, in this action, to protect any right he may have, as surety or otherwise, if he pays to the receiver the purchase price of the property, of the sale of which he complains in this action. But, to protect his interests as a stockholder, and that of other stockholders and creditors, he seeks by this action to have returned to the receiver the property which was not paid for on such sale. Now, if the property or its equivalent is returned or paid to the receiver, his and their interests are fully protected. There is no claim that the property did not sell for its full value, or that the defendants on the undertaking to pay the purchase price are not solvent, or that the judgment will not be paid. If it is paid, the court obtains, by means of that action, the full amount of the purchase price and interest thereon; that is, it gets everything that can be possibly obtained for stockholders and creditors in this action.

The plaintiff seeks, by his injunction, to restrain the entry and collection of a judgment against himself upon his undertaking to pay the purchase price of this property. That the verdict against him in the action of the receiver against him is legally right, and that the receiver has an absolute right to judgment against him, was finally determined by this court in the case of O'Gorman v. Sabin, supra. Neither in the complaint in this action, nor in his affidavit upon which the injunction was granted, does the plaintiff state any fact why the receiver should not enter judgment upon his verdict, except that it would defeat the present action; but, if this be true, it does not change the fact that the injunction was granted to restrain the receiver from doing just what it has been settled, by the judgment of this court, that he has the unqualified legal right to do. Every argument, legal and ethical, which was urged on the argument of this appeal, why no judgment should be entered on the verdict, was or might have been

urged, in the case of O'Gorman v. Sabin, in support of the claim, there made, that the verdict should be set aside.    The decision on the appeal in that case is conclusive of the merits of this present appeal.

Order affirmed.

CANTY, J.    I concur, with this addition:    That it was not intended, by the former opinion in this case, to hold that this plaintiff had an absolute right to control, in this action, further proceedings as to the alleged fraudulent sale of the corporate assets by the receiver, or that this action might not be thwarted by some action of the receiver or the court in the receivership proceedings.    At the time of the former appeal, I was, and still am, of the opinion that the plaintiff had a right to bring this action to restrain the real and pretended purchasers of the assets from the receiver from disposing of the same, pending action by the receiver or the court in the receivership proceedings.    And if, by such action, in such proceedings, the sale was disaffirmed, the injunction in this action might be made permanent.    But if the court, in those proceedings, ratified the alleged fraudulent sale, and ordered the collection of the purchase price of the same, the plaintiff could not, by this action, prevent it; and, as far as concerns this action, the receiver, who is the mere officer of the court, may also, without any order of the court, proceed to ratify the sale and collect from the sureties on the undertaking.    If he is to be prevented from doing so, it must be by an application to the court in the receivership proceedings, and not by a restraining order in this action.