Statement.

## Richmond.

App and Others v. App and Others.

December 6, 1906.

1. WILLS—*Construction—What Law Controls—Foreign Laws—Proof.*
The law of the state where the testator resided at the time of his death, where his will was probated, his executors qualified, and his estate distributed, controls as to the construction of his will, and if that state be a foreign state, the foreign law is a fact to be proved.

2. EVIDENCE—*Foreign Laws—Judicial Notice—Facts.*—Courts of this state will not take judicial notice of the laws of another state, and where the parties have by agreement undertaken to prove the laws of a foreign state in a particular way, the court must determine the question upon that evidence just as it determines the other questions of fact involved in the case.

3. WILLS—*Construction—Fee—Gift Over on Death of Devisee—Relative Ages of Testator and Devisee.*—Under the laws of Pennsylvania, which are controlling in this case, where a testator, by his will, gives the entire residuum of his estate to his seven children, share and share alike, and then provides "should any of my children die without leaving surviving children, then the share of that child shall be equally divided among my surviving children," the children who survive the testator take absolute estates in the property bequeathed to them. The clause quoted means death without leaving surviving children in the lifetime of the testator. The fact that the testator was eighty-four years of age and all of his children past middle life does not affect the legal significance of the language of the will.

4. WILLS—*Parol Declarations of Intention.*—Parol declarations of a testator as to what his intention was in making the provisions contained in his will are not admissible, as a rule, in evidence. The inquiry, in construing a will, is not what the testator meant to express, but what the words used do express.

Appeal from a decree in chancery of the Circuit Court of

Frederick county.    Decree in favor of defendants.    Complainants appeal.

                                                              *Affirmed.*

The opinion states the case.

*Robert M. Ward* and *John M. Steck,* for the appellants.

*Wm. M. Atkinson* and *M. M. Lynch,* for the appellees.

Buchanan, J., delivered the opinion of the Court.

This suit was instituted by the appellants to recover from the estate of Albert App, deceased, certain moneys paid to him by the executors of his father, Mathias App, deceased, upon the theory that the right of Albert App to the said moneys under the will of his father ended with his life and the appellants became entitled to it as remaindermen.

Whether or not Albert App had an absolute or only a life estate in the property sued for will depend upon the construction of his father's will. The parties acquired their rights, whatever they are, under clause or item 3 of the will, which is as follows:

"As to the remainder of my property of every description whatsoever, whether it be real estate or personal property. money, notes, bank deposits, book accounts, or any or all of the above, and of any kind or description not mentioned herein. I direct that after all provisions herein made for the payment of debts, etc., have been satisfied and complied with, I bequeath the residue of my entire estate to my children share and share alike as follows, to-wit: To my daughter Eleanor, one share; to my daughter Emily, one share; to my daughter Catherine, one share; to my daughter Elizabeth, one share; to my son William, one share; to my son Albert, one share, and to my son John L., one share. And I further order and direct that should any of my children die without leaving surviving children then the

share of that child shall be equally divided among my surviving children."

The testator was a resident of the state of Pennsylvania, where he died, and where his will was probated, his executors qualified and his estate was distributed. His will, as is conceded, is to be construed by the laws of that state. The foreign law was a fact to be proved in the case. *Union Central Ins. Co.* v. *Pollard,* 94 Va. 146, 152-4, 26 S. E. 421, 36 L. R. A. 271, 64 Am. St. Rep. 215.

By consent of the parties it was ordered that the published reports of the Supreme Court of Pennsylvania and the published code and acts of the Legislature of that state might be accepted in lieu of formal testimony, provided the attorneys of the appellants and the appellees, respectively, furnished to each other within the time designated by the order a list of such decisions and statutes as they respectively intended to introduce in evidence and rely upon at the hearing, but that no authorities not so produced should be considered as having been sufficiently in evidence.

Lists were furnished by each side as stipulated. In the brief of the appellants' counsel there was a reference to a statute of the state of Pennsylvania, passed in the year 1897, but it was not produced in evidence, and "upon conference with the attorneys after the case was argued and submitted," as stated by the trial court in its opinion, which is made a part of the decree appealed from, "it was agreed if there was such a statute it had not been produced in evidence and, therefore, because not produced, in the opinion of the court, cannot govern the case." The appellants insist that the burden of proof was upon the appellees in the trial court to prove the law of Pennsylvania pertinent to the subject, which was in force January 5, 1901, the date of the execution of the will of the testator, and that in the absence of such proof it was error for the court to have construed his will upon the authority of decisions prior to the passage of the act of 1897 as though said act did not exist.

The court could not take judicial notice of the laws of another state.. *Union Central L. Ins. Co.* v. *Pollard, supra.* The parties undertook to prove the law of the foreign state, and upon that evidence the court must determine the question just as it determined other questions of fact involved in the case.

It clearly appears from the decisions of the Supreme Court of Pennsylvania introduced in evidence that under the third clause or item of the will Albert App, who did not die until after the testator, took an absolute estate in the property bequeathed to him.

In *Mickley's Appeal,* 92 Pa. St. 514, 517, it was said by Chief Justice Sharswood, delivering the unanimous opinion of the court, that "It is very clearly settled, both in England and in this state, that if a bequest be made to a person absolute in the first instance, and it is provided that in the event of death, or death without issue, another legatee or legatees shall be substituted to the share or legacy thus given, it shall be construed to mean death or death without issue before the testator. The first taker is always the first object of the testator's bounty, and his absolute estate is not to be cut down to an estate for life, or what is practically the same thing, to be subjected to an executory gift over upon the occurrence of the contingency of death or death without issue at any future period within the rule against perpetuities without clear evidence of such an intent."

In that case M. bequeathed one-sixth of his estate to his son, J. M., or his heirs, and a like proportion in the same language to two other sons, and the remaining three-sixths in trust for each of his three daughters. He also directed that "if either of my sons should die without leaving issue living at the time of his death, the share given to such son shall pass to and be divided among such of my children as may be then living, and to the issue of such as may be dead . . ." The sons all survived their father, the testator, and it was held that each took an absolute indefeasible interest in the share bequeathed to him. See also *Fritzwater's Appeal,* 94 Pa. St. 141; *King* v. *Frick,*

135 Pa. St. 575, 19 Atl. 951, 20 Am. St. Rep. 889; *Mitchell* v. *Pittsburg, &c., Ry. Co.,* 165 Pa. St. 645, 31 Atl. 67; *Galbraith* v. *Swisher,* 19 Pa. Sup. Ct. Rep. 143, decided in the year 1902.

In the case under consideration evidence was introduced as to the circumstances surrounding the testator when the will was made, among others that he was eighty-four years of age and that his seven children were past middle life. The testator's age, it was contended, showed that he could not have contemplated the contingency of his surviving any of his children. There was nothing in his age or that of his beneficiaries which affects the legal significance of the will. In *Mitchell* v. *Pittsburg, &c., Ry. Co., supra,* the first taker was five years of age and the testator fifty-three. Their relative ages were relied on as showing that the testator could not have had in contemplation the contingency of the child's marriage and death without issue during his life; but the court said that suggestion was without merit.

The parol declarations of the testator were offered in evidence to show what his intention was in making the provision contained in the clause of his will now under consideration. This evidence was clearly inadmissible. The inquiry in construing a will is not what the testator meant to express, but what the words used do express. "To such an inquiry evidence of instructions given by the testator for his will, or of his declarations as to what were his intentions in the disposition which he made, or as to the disposition which he intended to make, of his property is obviously inapplicable; and the authorities against its admissibility are numerous and decisive." *Wooten* v. *Redd,* 12 Gratt. 196, 207; *Hatcher* v. *Hatcher,* 80 Va. 171; *Waring* v. *Bosher,* 91 Va. 286, 21 S. E. 464; *Allison* v. *Allison,* 101 Va. 537, 543-4, 44 S. E. 904, 63 L. R. A. 920.

It is also argued that other provisions of the will, indeed its whole structure, show that the testator's intention was different from that declared by the trial court.

Without discussing the various provisions of the will it is

sufficient to say that after a careful examination of the whole will we are satisfied it does not show a different intent, and that the construction placed upon the third clause of the will by the trial court is in accordance with the laws of the state of Pennsylvania as proved in the case. The decree complained of must, therefore, be affirmed.

*Affirmed.*