# COSGRAVE v. McAVAY.

## (139 N. W. 693.)

Plaintiff seeks to foreclose a recorded real estate mortgage upon lands in Kidder county, this state, securing a negotiable principal note of $1,000, and interest coupons, due at the office of the mortgagee in Minneapolis. The mortgagee sold the notes before maturity and assigned of record the mortgage to plaintiff. Defendant, mortgagor, had no knowledge or notice of such assignment, and supposing the mortgagee still owned the notes and mortgage, paid him in full therefor before maturity of the principal note and three of the unpaid interest coupon notes. The mortgagee, upon such payment, did not produce or surrender to the mortgagor the notes or mortgage, or inform the mortgagor of their transfer, and died without paying plaintiff, holder, any part of the principal note so paid the mortgagee in full by the mortgagor. Upon a subsequent instalment of interest coming due and being unpaid, plaintiff, pursuant to authority contained in the mortgage, declared the principal debt immediately due and payable, and brought this action to foreclose the mortgage to recover the mortgage debt. Defendant pleads that, under § 4183, of the Statutes of Minnesota, the mortgage debt was satisfied by the payment to the mortgagee. That statute reads: "The record of an assignment of mortgage shall not in itself be deemed notice of such assignment to the mortgagor, his heirs, or personal representatives, so as to invalidate any payment made by them, or either of them, to the mortgagee." Under our statute, § 6167, Rev. Codes 1905, to discharge the debt, the payment must be made "to the person holding such note, bond, or other instrument." By the Minnesota statute, notwithstanding a mortgage may so provide, the due date of the principal note cannot be advanced on a default in payment of interest. Defendant contends that the notes and mortgage are Minnesota contracts, there performable, and are governed by the laws of that state claimed to discharge the debt and mortgage, and prevent a foreclosure for the principal debt not due, if the principal debt be held to be not satisfied. *Held:*

**Contract — mortgage — sister state — construction.**

(1) Though the contract is one between Minnesota parties, and governed by the Minnesota law, the Minnesota recording statute does not discharge the mortgage debt, and cannot affect the mortgage as a contract for security upon lands in this state.

**Foreclosure — law of forum — procedure.**

(2) The courts will administer the law of the forum governing procedure in foreclosure.

**Debt secured — default — interest.**

(3) Though the principal debt may not have been due upon mortgagor's default in payment of interest, foreclosure could be had for the full amount, less rebated interest.

Opinion filed January 11, 1913.

.Appeal from the District Court of Kidder County, *Winchester, J.* Affirmed on rehearing had.

*James A. Murphy, R. G. McFarland,* and *Samuel Whaley,* for appellant.

Rights of parties to this action are to be determined by laws of Minnesota, because parties resided there at time notes, mortgage, and assignment were made, and note payable in Minnesota. 7 Cyc. 639, 640, note 55; 1 Dan. Neg. Inst. p. 658, et seq.; Central Trust Co. v. Burton, 74 Wis. 333, 43 N. W. 141; Newman v. Kershaw, 10 Wis. 333.

Recording of assignment of mortgage not notice to defendant of transfer of papers and title. Minn. Gen. Stat. 1894, § 4183; N. D. Rev. Codes, 1905, § 6167.

Notes secured by mortgage upon land in another state do not change rule. Central Trust Co. v. Burton, 74 Wis. 333, 43 N. W. 141; Cubbedge v. Napier, 62 Ala. 518; Caldwell v. Edwards, 5 Stew. & P. (Ala.) 312; Talbot v. Chester, 2 Chester Co. Rep. 57.

The law of place of performance prevails. 22 Enc. Law, 2d ed. 1325; Newman v. Kershaw, 10 Wis. 333.

Note and mortgage are separate contracts. First Nat. Bank v. Flath, 10 N. D. 281, 86 N. W. 867.

Assignment of mortgage does not involve question of title and is governed by place where made. Jones, Mortg. 473, 474, 961, 27 Cyc. 1282; Minn. Gen. Stat. 1894, sec. 4183. Olson v. Northwestern Guaranty Loan Co. 65 Minn. 475, 68 N. W. 100.

Payments made to original mortgage in ignorance of assignment of mortgage are valid, and extinguish mortgage. Pickford v. Peebles, 7 S. D. 166, 63 N. W. 779; Reid v. Kellogg, 8 S. D. 596, 67 N. W. 687; McVay v. Tousley, 20 S. D. 258, 129 Am. St. Rep. 927, 105 N. W. 932; Barry v. Stover, 20 S. D. 459, 129 Am. St. Rep. 941, 107 N. W. 672.

This rule is the general rule. 27 Cyc. 1316. (Minn.) Citizens'

State Bank v. Julian, 153 Ind. 655, 54 N. E. 390, 55 N. E. 1007; Olson v. Northwestern Guaranty Loan Co. 65 Minn. 475, 68 N. W. 100; Hostetter v. Alexander, 22 Minn. 559; Johnson v. Carpenter, 7 Minn. 176, Gil. 120.

(N. Y.) Barnes v. Long Island Real Estate Exch. & Invest. Co. 88 App. Div. 83, 84 N. Y. Supp. 951; Pettus v. McGowan, 37 Hun, 409; New York L. Ins. & T. Co. v. Smith, 2 Barb. Ch. 82; Reed v. Marble, 10 Paige, 409; Wolcott v. Sullivan, 1 Edw. Ch. 399; Ely v. Scofield, 35 Barb. 330.

(Pa.) Foster v. Carson, 147 Pa. 157, 23 Atl. 342, 159 Pa. 477, 39 Am. St. Rep. 696, 28 Atl. 356.

Van Keuren v. Corkins, 66 N. Y. 77; Foster v. Beals, 21 N. Y. 247; Armstrong v. Combs, 15 App. Div. 246, 44 N. Y. Supp. 171; Lamb v. Story, 45 Mich. 488, 8 N. W. 87; 52 Mich. 525, 18 N. W. 248; White v. Miller, 52 Minn. 367, 19 L.R.A. 673, 54 N. W. 736.

Entry of personal judgment for money, upon a decree for sale, a nullity. Thompson v. Dale, 58 Minn. 365, 59 N. W. 1086.

*S. E. Ellsworth, Stanley & Phelps* and *Jesse Van Valkenburg,* for respondent.

Parties making and taking mortgage upon land in another state are presumed to contract with reference to the laws of the state where the land lies. Stark v. Olsen, 44 Neb. 646, 63 N. W. 37.

Bona fide holders of negotiable note and mortgage, for value, and in due course, is protected as against payment made to original payee. First Nat. Bank v. Flath, 10 N. D. 281, 86 N. W. 867; Stark v. Olsen, 44 Neb. 646, 63 N. W. 37; Burhans v. Hutcheson, 25 Kan. 625, 37 Am. Rep. 274.

Ordinary precaution requires the production of the notes, when payment is sought to be made. Klindt v. Higgins, 95 Iowa, 529, 64 N. W. 414.

The law of the place where the land lies governs as to title and the enforcement of the lien. 1 Jones, Mortg. 5th ed. p. 593; 22 Enc. Law, 2d ed. p. 1337; Bronson v. St. Croix Lumber Co. 44 Minn. 348, 46 N. W. 570; Manton v. Seiberling, 107 Iowa, 534, 78 N. W. 194.

Goss, J. This action is brought to foreclose a real estate mortgage. Defendant executed and delivered to J. G. Lund, of Minneapolis, Min-

nesota, his promissory note for $1,000, dated February 20th, 1906, due February 20th, 1911, bearing interest at 6 per cent per annum according to five coupon notes. The principal note contained a permission to pay $100, or any multiple thereof, on any interest payment date. These notes were secured by this mortgage upon land in Kidder county, North Dakota, duly acknowledged and there recorded. On April 19th, 1906, the notes were transferred for value by indorsement thereon by Lund, payee, to plaintiff, Cosgrave, accompanied by a written assignment of the real estate mortgage, which assignment was recorded in the office of the register of deeds of Kidder county April 24th, 1906. With the above loan and mortgage was also executed another loan between the same parties, of the same amount, on the same terms, and secured by a mortgage on another quarter section. Defendant paid Lund the interest for the first two years on each of these mortgages, as the interest became due, and received from Lund the interest coupon notes. Defendant had no notice or actual knowledge that Lund had assigned these notes and mortgages until a considerable time after he had paid Lund in full for both loans, under the supposition that Lund, the original mortgagee and payee, still owned all the notes and mortgages. Lund had previously sold to defendant the lands mortgaged. All parties, defendant, plaintiff, and Lund, were at all times mentioned herein residents of Minnesota; defendant residing at Frontenac, the other two in Minneapolis. On July 30th, 1907, defendant paid Lund $400 due on the note and mortgage in suit, and obtained Lund's receipt therefor. Again, on November 13th, 1907, defendant paid $1,000, to apply on the notes and mortgages, for which Lund receipted; and on September 1st, 1908, defendant paid him $660, receiving from Lund a receipt in words as follows: "Balance due on mortgage, $660. Received payment in full for mortgage." Defendant testified he made these payments, "supposing that Lund owned the notes and mortgages," and that he made the payments to Lund in person; that he did not ask to see the notes and mortgages, and was not informed that Lund did not own them; tha. on February 18th, 1908, at the time of making the last payment, he asked Lund for a release of the mortgage, and was informed that "it would take a few days for that, to send it up here and have it returned." "He said they were up here at Steele, and it would take a few days before he

could return it to me," speaking of the release of the mortgage. That defendant did not ask for the notes, assuming that the release of the mortgages, as he says, "covered everything." Several weeks after the final payment, Lund delivered defendant an abstract of title to the land in question, from an examination of which defendant first learned of the assignment of the mortgages to plaintiff. Defendant then demanded of Lund a release of the mortgages, but none was given, and thereafter, in July, 1908, Lund died. Lund never told plaintiff any of the money was received by him in satisfaction of the mortgage in suit. After the due date of the third interest coupon, plaintiff started foreclosure proceedings, declaring, under the terms of the mortgage, the aggregate of the principal and interest immediately due and payable.

The evidence therefore establishes that payment in full was made by the mortgagor to the mortgagee, and without actual knowledge of any assignment of the mortgage and negotiable notes by the mortgagee, but with the assignment of record in a foreign state where the land was situated. Does such payment discharge the debt and release the mortgage? In this connection the defendant by answer pleads the laws of Minnesota, "that the record of an assignment of a mortgage upon real estate shall not, in itself, be notice to the mortgagor of such assignment so as to invalidate any payment made by such mortgagor," and that the payment to Lund under the circumstances pleaded, and as above recited, under the laws of Minnesota, operated to discharge the debt and mortgage; also that all the parties were residents of Minnesota, that the notes and mortgage evidenced a Minnesota transaction having been there executed and delivered, and there performable, being there payable, and that the Minnesota law should be applied, and the debt decreed discharged and the mortgage declared satisfied. In support of the answer defendant has offered in evidence § 4183 of the General Statutes of Minnesota of 1894, reading:

"Record of assignment of mortgage—not notice to mortgagor.

The recording of an assignment of a mortgage shall not, in itself, be deemed notice of such assignment to the mortgagor, his heirs, or personal representatives, so as to invalidate any payment made by them, or either of them, to the mortgagee."

Defendant has also offered in evidence as the construction placed

upon such statute by the supreme court of Minnesota, the decision of that court in Olson v. Northwestern Guaranty Loan Co. reported in 65 Minn. 475, 68 N. W. 100. Plaintiff respondent, on the contrary, contends that the Minnesota law is not controlling, but that the provisions of § 6167, Rev. Codes, 1905, and other statutory provisions of this state, should control the action here brought, as affecting title to real property here situated. Sec. 6167, Rev. Codes, 1905, reads:

"When the mortgage is executed as security for money due, or to become due, on a promissory note, bond, or other instrument designated in the mortgage, the record of the assignment of the mortgage is not, of itself, notice to a mortgagor, his heirs, or personal representatives, so as to invalidate any payment made by them, or either of them, to the person holding such note, bond, or other instrument."

It is noticeable that the Minnesota and North Dakota statutory provisions are radically different.

The defense is made upon the theory that the payment made by defendant to Lund extinguished the mortgaged debt, paid the negotiable notes, and therefore satisfied the mortgage upon the land in this state. The mortgage is but an incident to the notes, the evidence of the debt. The notes, mortgage as a security contract, and the mortgage assignment, are separate Minnesota contracts, stipulated to be performable in Minnesota, where the notes are made payable.

Under our statute, § 5350, Rev. Codes 1905, these several contracts are "to be interpreted according to the law and usage of the place where it is to be performed." Had the place of payment not been stipulated, under § 5350 the contracts would have been interpreted "according to the law and usage of the place where it is made." The stipulated place for performance and the place where made being identical, the Minnesota law as to the effect of the mortgagor's alleged performance must be determined and applied. This law of the place of performance and of the place of contract "may be set up wherever suit may be brought." Dundas v. Bowler, 3 McLean, 397, Fed. Cas. No. 4,141; Scudder v. Union Nat. Bank, 91 U. S. 406, 23 L. ed. 245, with Wharton's comment thereon in Conflict of Laws, § 427b; and also § 520 of the same work, as to the discharge of the debt under the law of Minnesota working a discharge everywhere; and Story on Conflict of Laws, 8th ed. § 287a, that the mortgage on land in a state foreign to place of pay-

ment "does not necessarily alter the locality of the contract," "or draw after it the consequence that the contract is to be fulfilled where the security is taken." To the same effect is Jones on Mortgages, 659, 660; Pingrey, Real Property, §§ 535 and 536; 27 Cyc. 1282. But the land fixes the necessary situs of the suit to foreclose as here (Rev. Codes 1905, § 6827), and leaves this court to determine the result of the payment made in Minnesota in performance of the Minnesota contract. The payment, to discharge either the mortgage or the negotiable mortgage debt, or both, must have been made to the holder of the note under the law of this state (Rev. Codes 1905, § 6167) as construed in Hollingshead v. John Stuart & Co. (Hollingshead v. Globe Invest. Co.) 8 N. D. 35, 42 L.R.A. 659, 77 N. W. 89. This ruling will here apply as the law of this jurisdiction,—the situs of the property and the suit,—unless by foreign law proven as facts, in terms and construction, the foreign law of the place of payment is shown to be the contrary. And to so control, the foreign law must act upon the debt, as the land mortgaged is without the state of Minnesota, and the mortgage, though we may concede the same to be part of the Minnesota contract, must, as to its validity as a contract for security and its discharge by other means than by payment, be governed by the law of the place where the land is situated. Wharton, Confl. L. chap. 7; and particularly § 276d and § 276e, where matters going to the remedy and governed by the law of the forum are classified and distinguished from matters pertaining to the validity of the debt and its discharge by payment, which are to be determined by the law of the place of payment. Consult also: Dan. Neg. Inst. §§ 865–876; Randolph, Com. Paper, §§ 45–47 and 57; 27 Cyc. 1282; Jones, Mortg. § 661; Story, Confl. L. § 293c; and note to 31 Am. Dec. 264. In other words, the mortgage, considered as a separate chose in action,—a contract of security alone,—cannot be affected by this foreign statute, which statute, by its own terms, can operate only upon mortgages on land within the state of Minnesota. In order that this mortgage be discharged by said statute, then the proof concerning the foreign law must disclose that the payment made to Lund must, by force of said statute, operate to discharge the debt, in which case the mortgage, a mere incident to the debt, is, *ipso facto,* released, regardless of where the land pledged as security may be located.

Let us now consider the proof in such respect. The statute is as above quoted. Olson v. Northwestern Guaranty Loan Co. 65 Minn. 475, 68 N. W. 100, is in evidence upon the construction of the Minnesota statute, § 4183. The effect of the foreign law, if otherwise than would be discerned from the ordinary interpretation of it, must be established by proof as other facts are established. Otherwise, the construction of this statute should be here made as though it was a statute of this forum and according to the common-law interpretation thereof, if there be one. See cases cited in extensive notes in 67 L.R.A. 33 and 25 L.R.A. 449, at page 460; Pacific Exp. Co. v. Pitman, 30 Tex. Civ. App. 626, 71 S. W. 312; Smith v. Bartram, 11 Ohio St. 690; Holman v. King, 7 Met. 384; Knapp v. Abell, 10 Allen, 485; Bowditch v. Soltyk, 99 Mass. 136; Hackett v. Potter, 135 Mass. 349; Dyer v. Smith, 12 Conn. 384; Hoes v. Van Alstyne, 20 Ill. 202; 44 Century Dig. under Statutes, § 256; 16 Cyc. 884, subdivision C and 893; 36 Cyc. 1103 and 1104; 4 Wigmore, Ev. § 2573, that "the laws of other nations and states—not being laws of the forum at all, except by casual adoption—will not be noticed. . . . Relative to each other, the states of the United States are independently sovereign, and for the present purpose, foreign; hence their laws, equally with the laws of other nations, will not be noticed by the courts of any one of the United States." Union Cent. L. Ins. Co. v. Pollard, 94 Va. 146, 36 L.R.A. 271, 64 Am. St. Rep. 715, 26 S. E. 421; App v. App, 106 Va. 253, 55 S. E. 672. See also 1 Rice, Ev. pp. 36–65. Olson v. Northwestern Guaranty Loan Co. supra, is evidence as to the construction of the foreign law, and that, under the same, the payment made would satisfy the mortgage if upon Minnesota lands involved, but does not make the proof sought to be established by it, to the effect that the debt evidenced by this negotiable instrument is satisfied. Instead, construed with White v. Miller, 52 Minn. 367, at page 372, 19 L.R.A. 673, 54 N. W. 736, in evidence, the contrary would be the inference to be drawn where the note secured is negotiable. If these cases do not apply to the facts before us, there is then a failure of proof as to the effect of this payment upon the negotiable in notes in suit, and we are left to construe the statute in the light of either the law of this jurisdiction or of the common law. The foreign law, in the absence of proof, is presumed to be the common law. Rev. Codes, 1905, § 7317, subdivision

41. Under the law of this jurisdiction, the payment made does not discharge either the notes or the mortgage. Sec. 6107, Rev. Codes 1905, as construed in Hollingshead v. Stuart & Co. (Hollingshead v. Globe Invest. Co.) 8 N. D. 35, 42 L.R.A. 659, 77 N. W. 89. Resorting to the common law, we find such payment would not satisfy these negotiable notes. While we cannot consult the Minnesota decisions not in evidence, to ascertain any peculiar interpretation by that court of the statute involved, we may resort to them to determine any common-law construction of such a statute, if there be any, and what the effect of such a payment was at common law. 67 L.R.A. 33, and note. Upon so doing, we find that the Minnesota decisions follow the common-law holdings, and that the notes are governed by the law merchant, and that negotiable instruments under the common law would be in no wise affected by this statute, applying to the mortgage alone as a recording statute where the debt secured is evidenced by negotiable notes. Johnson v. Carpenter, 7 Minn. 176, Gil. 120; Hostetter v. Alexander, 22 Minn. 559; Blumenthal v. Jassoy, 29 Minn. 177, 12 N. W. 517; Oster v. Mickley, 35 Minn. 245, 28 N. W. 710; Redin v. Branhan, 43 Minn. 283, 45 N. W. 445; White v. Miller, 52 Minn. 367, 19 L.R.A. 673, 54 N. W. 736; Smith v. Parsons, 55 Minn. 520, 57 N. W. 311; Watkins v. Goessler, 65 Minn. 118, 67 N. W. 796.

The opinion in Blumenthal v. Jassoy, in speaking upon a set of facts identical with these before us, except stronger in favor of the mortgagor, in that the land mortgaged was within Minnesota, concerning the operation of this same statute, that court says: "The statute relied upon by the defendant does not affect the case. . . . *Independent of this statute, a debtor* paying his debt (not evidenced by an immature negotiable instrument) to his creditors at any time before knowledge or notice of an assignment by the latter, in effect, discharges the *debt,* and a prior assignment gives no right of further recovery; but such payment after notice of assignment is no defense to an action by the assignee. Other parts of the recording law give to the record of certain instruments the effect of *constructive* notice of their execution. The effect of the statute quoted is simply to provide that the record of the assignment of a mortgage shall *not* have that effect. It leaves unchanged the law as to the effect of payments. In case the debt is evidenced by a negotiable instrument not yet mature, a payment to the

payee will not prejudice the right of recovery by a bona fide holder at maturity. *Such has always been the law* and the statute does not affect it." We know from the statute in evidence it is, like our similar § 6167, Rev. Codes 1905, a recording statute. We agree with the Minnesota court that such payment to the mortgagee has never at common law affected negotiable instruments in the hands of bona fide purchasers before maturity. At common law, presumed to be the law of Minnesota, in case we say there is a failure of proof of the construction of this statute in evidence, these notes are still unpaid. In the absence of this statute, the mortgage would at common law follow the negotiable character of the note, and not be discharged by this payment made. Assuming the mortgage to be a Minnesota contract, to allow the statute to discharge a mortgage upon lands without that state, without discharging the debt evidenced by negotiable notes secured by said mortgage, would be giving the statute of Minnesota extraterritorial effect, which cannot be done. The land here situated, then, is unaffected by the Minnesota recording act. There is, then, no defense based upon § 182 of the Minnesota statutes to the foreclosure of this mortgage to satisfy the existing debt so secured.

Another question arises on the record. Defendants have introduced in evidence the Minnesota law as interpreted in White v. Miller, 52 Minn. 367, 19 L.R.A. 673, 54 N. W. 736, under his contention that, as the principal note was not due at the time of the commencement of this action or at the date of the judgment appealed from, then, under such decision, "a negotiable promissory note due in the future according to its terms cannot be brought to immediate maturity through a clause in a mortgage given to secure the same, authorizing the mortgagee to declare the debt or note due upon default in any of the provisions found in the mortgage." Appellants claim it was error to enter the judgment for the debt evidenced by the principal note, which, under the Minnesota holding, was not due, and for which, under their procedure, no foreclosure could be had. Concede the mortgage to be, as it is under the rules governing conflict of law, a Minnesota contract, and that it was not entered into with any reference to the law of the place of its enforcement by foreclosure, and that at the commencement of suit and entry of judgment thereafter the notes had not matured, except two interest coupon notes due and unpaid. If this suit was to

foreclose land within that state, the case of White v. Miller, supra, would control, and foreclosure could be had only for the amount of the coupons due. But its enforcement by foreclosure is a matter of procedure or remedy only, and is governed by the law of this forum, where the land is located.

So, assume the principal note was not due, and that its due date could not be advanced by that clause of the mortgage purporting to so authorize; still it does not follow that judgment therefor cannot be rendered under the law of this forum merely because the debt to be collected by foreclosure is not due. Article 2 of chapter 30 of the Code of Civil Procedure, Revised Codes of 1905, and particularly § 7482, requires sale on foreclosure to be made in the county where the premises or some part of them are situated, and subsequent §§ 7484 to 7491, inclusive, expressly authorize foreclosure as made. See also the construction placed on these sections in Scottish American Mortg. Co. v. Reeve, 7 N. D. 99, 72 N. W. 1088. These provisions authorize a judgment as here entered, finding the amount owing plaintiff from the defendant, and empowering the court in its discretion to order the sale to recover upon a portion of the mortgage debt not due. Section 7491 authorizes the court to order a sale. If necessary, to collect a debt in part not due, and provides for a rebate or credit upon the debt of the interest that would accrue between the date of judgment and the maturity of the debt. In the words of the opinion in the case last cited: "Every defendant in a foreclosure action knows, whatever the prayer for relief may be, that the court, without reference thereto, will determine whether there ought not to be a sale of the whole security in one body, and the application of the proceeds of such sale to the extinguishment of the entire debt,—that which is not as well as that which is,—due." The principal note and the last interest coupon became due February 20, 1911. Judgment was entered September 28th, 1910. We may concede that the right to advance the due date according to the terms of the mortgage is not a mere matter of procedure, but instead is part of the Minnesota contract of security, and is governed by the Minnesota holding, and that the same cannot be done. Yet, as we understand the judgment entered, it includes interest only to the date of its entry, and not interest upon the principal note, figured to February 20th, 1911. The judgment as entered was rebated as to

24 N. D.—23.

this unearned interest, pursuant to § 7491, and is correct as to amount. The judgment appealed from is therefor ordered affirmed, foreclosure sale to be had pursuant to law as therein ordered. Respondent will recover costs of this appeal.

We here state that this opinion is written upon a rehearing had, and that our views have undergone a change since the original opinion was filed. We are now satisfied that the Minnesota statute, § 4183, cannot discharge the debt, and hence cannot constitute a defense.