## EDWARD WILSON v. HENRY H. KRYGER.

(149 N. W. 721.)

The Daniels-Jones Company executed at Minneapolis, Minnesota, a contract for deed to one Peterson, for 2,560 acres of land in Kidder county, this state, upon which an initial payment down had been made. The contract was assigned to defendant Kryger. Two instalments became due, and, remaining unpaid, the company served notice of cancelation of the contract. It then sold and deeded the land to plaintiff, who brought this action to quiet title. Kryger defends, claiming "that the place to cancel the contract was in Minnesota, where it was made, where it was to be performed, and where the parties reside;" that if cancelation under the laws of this state is allowed, he is denied the equal protection of the laws and deprived of his property without due process of law. *Held:*

**Action to pursue land — suit to quiet title — contract for deed involved — county where land situated.**

1. That in this action to pursue the land, the validity of the contract is directly involved in the suit to quiet title, and the situs of the action is fixed by the statute as in the county where the land is situated.

**Sale contract — cancelation — foreclosure — default — notice of — procedure and remedy — situs of land and suit governs procedure.**

2. That the statutory provision for cancelation or foreclosure of contracts by notice of default to be given relates to procedure and remedy concerning

the enforcement of the contract against the land; and the situs of the suit and of the land govern the procedure and remedy to recover title to the land; and the cancelation made under the laws of this state furnishes sufficient evidence of defendant's default under said contract to sustain the conclusion of law drawn from the findings, to the effect that all rights of the defendant to the land under said contract were terminated because of his defaults. The findings sustain the judgment entered.

**Foreign law — immaterial — contract executed in other state.**

3. Under the findings and on the judgment roll there is no proof of the Minnesota law governing cancelation of this contract although the foreign law in such respect is immaterial. The law of the forum and of the situs of the real property control the method and procedure of cancelation of contracts in this suit involving title, and where the contract was executed in a foreign state and without stipulating for performance to be had within this state.

**Appeal — judgment roll — specification of error — no statement of case — notice of appeal — brief — assignment of error in — such error reviewed.**

4. Defendant has appealed upon alleged error appearing upon the judgment roll only, and without settling a statement of the case. Where a statement of the case is not settled, and the questions to be raised on the appeal are not errors of law occurring on the trial, but, instead, only errors appearing on the face of the judgment roll, no specification of error need be taken at all, and no specification of error therefore need be served with the notice of appeal, or at all. All that is necessary to have such error appearing on the face of the judgment roll only reviewed is to assign and argue in the brief the error complained of. The insufficient specification of error here taken and served, not being necessary, is disregarded, and the alleged error assigned in the brief on the judgment roll is passed upon.

Opinion filed November 12, 1914.

From a judgment of the District Court of Kidder County, *Hon. W. H. Winchester,* Judge, defendant appeals.

Affirmed.

*W. W. Fry,* for appellant.

The contract in this case must be canceled in Minnesota, where it was made, and under the procedure of that state provided. Finnes v. Selover, B. & Co. 102 Minn. 334, 113 N. W. 883; Walsh v. Selover, B. & Co. 109 Minn. 136, 123 N. W. 291.

The *lex loci contractus* governs in the cancelation of a land sale con-

tract. Selover, B. & Co. v. Walsh, 226 U. S. 112, 57 L. ed. 146, 33 Sup.
Ct. Rep. 69.

The contract itself involves certain rights of the parties, irrespective
of where the subject-matter thereof is located. It makes no difference
where the land is located: We are dealing with the contract. If we
were trying to get the land, to recover possession thereof, to compel
specific performance, we would bring any such action at the situs of
the property. This is an action *in personam,* and not one *in rem.* Fall
v. Eastin, 215 U. S. 1, 54 L. ed. 65, 23 L.R.A.(N.S.) 924, 30 Sup. Ct.
Rep. 3, 17 Ann. Cas. 853; Whart. Confl. L. 616; Storey, Confl. L. 8th
ed. 591; Polson v. Stewart, 167 Mass. 211, 36 L.R.A. 771, 57 Am. St.
Rep. 452, 45 N. E. 737.

Forfeitures of land contracts are not favored, and will not be enforced
unless clearly provided for by the contracts. Hudson v. Shepard, 90
Ill. App. 626.

If a definite place of performance is given in the contract, it must
be performed there. Prairie Development Co. v. Leiberg, 15 Idaho,
379, 98 Pac. 616.

If no place is designated, then the vendor must seek the purchaser
at his residence. Samuel v. Allen, 98 Cal. 406, 33 Pac. 273; First
Nat. Bank v. Edgar, 65 Neb. 340, 91 N. W. 404; Drum v. Stevens, 94
Ind. 181; Randall v. Constans, 33 Minn. 329, 23 N. W. 530.

The covenants and agreements of such a contract are personal in their
nature. 39 Cyc. 1787.

*Reese L. Phelps* and *Jesse Van Valkenburg,* for respondent.

The Minnesota statute cannot be considered, as under our law it is
not a matter of which our courts will take judicial notice. Cosgrove v.
McAvay, 24 N. D. 343, 139 N. W. 693.

Aside from this, the Minnesota law relied upon was not in force at
the time of the cancelation of this contract. Minn. Laws, 1909, chap.
355, p. 406.

If a purchaser under such a contract undertakes to enforce the con-
tract, he must do so where the land is located; upon a breach of such
contract or for damages thereunder, he must bring the action in the
state where the contract was made and performance required. Finnes
v. Selover, B. & Co. 102 Minn. 334, 113 N. W. 883.

An action by the vendor for specific performance under such a con-

tract may be brought where the vendee resides, even though the land is in another jurisdiction. O. W. Kerr Co. v. Nygren, 114 Minn. 268, 130 N. W. 1112, Ann. Cas. 1912C, 538.

Goss, J. This is an action to determine adverse claims. Defendant answers that he is interested as the holder of a contract of sale of the land involved. By reply it is alleged said contract was canceled for defaults thereunder. Trial was had at a regular term, defendant failing to appear. On plaintiff's proof the court made findings, conclusions, and order for judgment, upon which judgment was entered quieting title in plaintiff. Defendant's appeal is governed by chap. 131, Laws of 1913, as was held in this action. Wilson v. Kryger, 26 N. D. 77, 51 L.R.A.(N.S.) 760, 143 N. W. 764. Subsequently and pending this appeal portions of appellant's brief on motion were stricken, together with certain matter not properly a part of the judgment roll. The case is now for decision upon error assigned upon the judgment roll, and upon that alone, as there is no settled statement of the case, and hence nothing reviewable except error as assigned in appellant's brief upon the judgment roll proper.

In the opinion written in this action upon motion to dismiss this appeal, in 26 N. D. 77, 51 L.R.A.(N.S.) 760, 143 N. W. 764, appear statements concerning the specification of errors of law, there permitted to be served after time. It was assumed that the taking and service of said specification was necessary as a prerequisite to an assignment of error and review in this court. What was there said was under the apprehension that a statement of the case would be used on appeal, and that the same would therefore be necessary accordingly to raise alleged errors occurring on the trial. The justice who prepared said opinion has also since written the opinion in Leu v. Montgomery, — N. D. —, 148 N. W. 662, wherein it is held that in an appeal taken to review alleged error on the judgment roll alone, no specification of errors of law need be taken at all. Nor in such an appeal on the judgment roll alone need, there be any specification of errors of law either taken or served. "It was not the purpose in the enactment of § 4 [chap. 131, Sess. Laws 1913, now § 7656, Comp. Laws 1913] to require any statement or specification to be thus served, except in cases where under the former statute (§ 7058, Rev. Codes 1905) the same were required to be incorpor-

ated in statements of the case, and it is of course true that no such speci-
fications were required under § 7058, in order to enable the court to re-
view rulings appearing upon the judgment roll proper. In such case it
is only necessary for the appellant to assign such ruling as error in his
brief. To make our position plain, the words 'errors of law' as used in
§ 4 of the new practice act should be construed to refer only to errors
of law occurring at the trial, and which, in order to be brought to the
attention of the court under the former practice, had to be specified in
the settled statement of case, and that they have no reference to errors
appearing upon the face of the record proper." Mention is made of
this for the reason that appellant, in attempting to comply with permis-
sion granted in the former hearing in this court of this appeal, served
a so-called specification of error, but which specification as such is
wholly insufficient to raise any error on the judgment roll. As it was
unnecessary, however, to take or serve any specification of error, this
one served may be disregarded. Consideration will now be given to
appellant's brief.

The three briefs filed by appellant, while somewhat indefinite as to
error assigned, are sufficient to raise the principal question of whether
the conclusion of law that the contract of sale under which appellant
claims an interest in the premises was canceled is the correct legal de-
duction from the facts found in the findings as supplemented by those
admitted in the pleadings. And this is the question mainly discussed
in the respondent's brief. The contracts in question are a part of the
pleadings, and their execution and delivery is admitted. The contract
in question is one by the Daniels-Jones company to Carl Peterson,
dated January 19, 1909, wherein said Company agreed to sell to Peter-
son 2,560 acres of land in Kidder county, North Dakota, for $21,760,
with $1 paid on said purchase, and the balance in instalments, the
first of which, for $1,280, matured the following March 1st, and $2,560,
the first of each month thereafter until November 1st, the date of the
last instalment. This contract was assigned immediately to Kryger,
the appellant, who subsequently has contracted to sell a portion of said
land to a codefendant, Piper, the date of said agreement being De-
cember 30, 1910; that the Daniels-Jones Company, at the time of
executing said contract of sale to Peterson, owned the land. They

subsequently have conveyed it to this plaintiff, Wilson, who owned it at the time of the commencement of this action. The contract given to Peterson is dated at Minneapolis, Minnesota, and does not stipulate for a place of performance. The findings establish that Peterson and Kryger defaulted in the payments due under the contract March 1st and April 1st, and that on April 15 notice of cancelation because of default was placed in the hands of the sheriff of Kidder county, North Dakota, for service, who made return of inability to find either Peterson or Kryger, whereupon notice of cancelation was served by publication thereof in Kidder county for three weeks beginning May 1, 1909. Said notice thus served was to the effect that unless said defaults were cured by payment of all amounts due before thirty days after the service of said notice, the contract would be canceled and terminated. Subsequently, affidavit of publication, together with affidavit of nonredemption from said contract, were filed for record. Deeds to this plaintiff were filed for record June 6, 1910, and May 15, 1911. On March 1, 1909, Kryger filed his affidavit for record, therein reciting that he held a contract for deed. Service of notice of cancelation was completed prior to June 1, 1909, and said purchasers had not paid to said company any sum of money whatever, nor had any payments been made on said contract except the initial payment of $1; after cancelation was effected the company notified Peterson that it was willing to surrender all his notes evidencing said defaulted payments, and that they would be surrendered on his demand, but they were not called for. Neither of said defendants have ever had possession of nor have exercised any ownership over the lands in question. The answer pleads § 4442 of the Revised Laws of Minnesota of 1905, and plaintiff in his reply admits that said section reads "as set forth in the answer."

Under these facts appellant contends in his brief that the contract was not canceled, and that the findings do not support the conclusion of cancelation; "that the place to cancel this contract is in the state of Minnesota, where it was made, where it was to be performed, and where the parties reside; and (2) that the judgment appealed from is of no force or effect for the reason that its enforcement by the state of North Dakota abridges the privileges and immunities of a citizen of Minnesota, and denies him the equal protection of the laws, and de-

prives him of his property without due process of law as guaranteed to him by art. 14 of the Federal Constitution, and that the judgment has an extraterritorial effect in depriving a citizen of Minnesota of his property rights under and by virtue of a contract made and enforceable in Minnesota."

The foreign statute is a fact to be established. Cosgrave v. McAvay, 24 N. D. 343, 139 N. W. 693. Though the answer recites § 4442 of the Revised Laws of Minnesota 1905, and the admission is made in the reply that the same reads as stated, it is no proof that the same was in effect, or was unchanged or unamended, or was the law of that state at the time this contract was entered into; nor is it claimed to have been such in the answer; and defendant has failed to prove the fact of what the foreign law was at the time the parties entered into this contract. The presumption would then apply that the common law prevailed and governed the parties at the time and subsequently. Comp. Laws 1913, § 7936, Subdiv. 41. Indeed, in respondent's brief attention is called to an alleged amendment to the section of the Minnesota statute quoted, claimed to have been effective at or before the time of the cancelation of this contract. As the proof of the foreign law applicable to this contract at the particular time in question, and which must have been a part of the evidence in the case, is not before us, and the record is otherwise uncertain as to what said law was in fact, no presumption will be indulged in, and it will be regarded as a failure of proof of the fact of the foreign law governing cancelation of this contract, conceding that its cancelation depended upon a compliance with the Minnesota instead of the North Dakota statutes as to cancelation of the land contract after default.

This action is one in pursuit of the land, drawing in question the validity of this contract for sale of land. That the action is for realty, and is in no sense a personal one, must not be lost sight of, Defendant has overlooked this distinction. As such the action is local, and not transitory. Not incidentally, but primarily, this action is "for the recovery of real property or an estate or an interest therein," under defendant's own pleading. Section 7415, Comp. Laws 1913, fixes the situs of such a suit as within the county wherein the land lies. And if defendant's contention be true, and his contract of sale enforceable against the land, he is an equitable owner thereof, the vendor holding

the legal title in trust for him and as security for the purchase money. 57 L.R.A. 643, note. Accepting his claims at face, he is in the courts of this state seeking specific performance with a view of obtaining a decree awarding him title to land here situated. The question of the validity of his contract so asserted for such purposes is directly involved, and is challenged by plaintiff's claim that cancelation thereof was had in conformity to the laws of this state. Defendant answers that the cancelation thus affecting title to land here situated and in litigation must be determined according to *lex loci contractus,* instead of *lex rei sitæ.* His claim is unsound for the reason the question is one of remedy, that is, procedure involved in the enforcement of the contract and the procuring of title, analogous to the foreclosure of a mortgage or an action to specifically perform. That it is a course of statutory procedure used and invoked against defendant to defeat his equitable title in no wise changes the fact that it is a statute relating to a remedy; namely, the manner of foreclosure of land contracts. Defendant can no more urge necessity for cancelation of this contract under the Minnesota law than he could that he should cast his pleadings and form of action to obtain title to this land under and according to the foreign law. Both relate to matters of remedy in the enforcement of this contract to land here situated. Comp. Laws 1913, §§ 8119–8121. The statute on cancelation is but provision for a certain kind of evidence of default. It is not a substantive law provision, but rather evidentiary. Such provisions pertain to the law of the forum. Wharton on Conflict of Laws, 3d ed. § 690. "That matters respecting remedy depend upon the law of the place where suit is brought is universally conceded." Wharton, Confl. L. § 675a. "When the law involved is a statute, it is a question of construction whether the law is addressed to the necessary constituent elements or legality of the contract, on the one hand, or to the evidence by which it shall be proved, on the other. In the former case the law affects contracts made within the jurisdiction, wherever sued; . . . in the latter it applies to all suits within the jurisdiction, wherever the contracts sued upon were made." Wharton, Conflict of Laws, Page 1436, quoted from Emery v. Burbank, 163 Mass. 326, 47 Am. St. Rep. 456, 28 L.R.A. 57, 39 N. E. 1026. This is not a contract primarily of security, and therefore the case is not analogous to security transactions; nor is it an action for damages,

brought under the law of the place of the contract, for breach of said contract to convey land in another state, as is illustrated by Finnes v. Selover, B. & Co. 102 Minn. 334, 113 N. W. 883, or Walsh v. Selover, B. & Co. 109 Minn. 136, 123 N. W. 291, appealed to the Federal Supreme Court and decided in 226 U. S. 112, 57 L. ed. 146, 33 Sup. Ct. Rep. 69, and here relied upon by appellant. The action is not personal and transitory, but real and local. Neither is title involved as incidental to equitable relief awarded in a jurisdiction foreign to the land; nor is there here any question of enforcement of a contract affecting realty, valid where made, but invalid where the land is situated. The contract when executed was valid both there and here. It has been canceled according to the law of the forum and the situs of the realty. The law of the forum will recognize no foreign law touching cancelation; in other words, pertaining to the enforcement or nonenforcement of this contract in this suit, involving particular real property, by our statute necessarily local to the county where the real property is situated. Comp. Laws 1913, §§ 8119–8122. The distinction between this suit and the so-called Selover Cases is clearly drawn in Selover, B. & Co. v. Walsh, 226 U. S. 112, at page 123, in the following language: "The contention is that the statute as applied affected the transfer of land situated in another state, and outside of, therefore, the jurisdiction of the state of Minnesota. In other words, it is contended that the law of Colorado, the situs of the property, is the law of the contract. . . . The principle cannot be contested, but plaintiff in error pushes it too far. Courts in many ways, through action upon or constraint of the person, affect property in other states, . . . and in the case at bar the action is strictly personal. It in no way affects the land or seeks any remedy against it. The land had been conveyed to another by plaintiff in error, and it was secure in the possession of the purchaser. Redress was sought in a Minnesota court for the violation of a Minnesota contract, and, being such, the law of Minnesota gave the right and measure of recovery." But the recovery sought was for damages, and, as stated in the opinion, the land was not affected, nor was a remedy sought against it. The decisions cited are not applicable; on the contrary, see note to Clement v. Willett, 17 L.R.A.(N.S.) 1094, citing authority that "it is obvious, of course, that the *lex fori* prevails over *lex rei sitœ*, the *lex loci. con-*

*tractus,* the *lex loci solutionis,* and all other laws so far as concerns matters that relate to the remedy as distinguished from the substantive contract. . . . And the necessity of alleging facts avoiding the grantor's attempted release of the grantee from the assumption covenant is also determined by the *lex fori;"* and other illustrations are given. See notes to Smith v. Southern R. Co. 26 L.R.A.(N.S.) 927–941; Bank v. Doherty, 4 L.R.A.(N.S.) 1191; Fall v. Easton, 23 L.R.A.(N.S.)924; and 17 L.R.A.(N.S.) 1094; and extensive note to Procter v. Procter, 69 L.R.A. 673, particularly summary at page 696; and Bullitt v. Eastern Kentucky Land Co. 99 Ky. 324, 36 S. W. 16; 39 Cyc. 1435; Polson v. Stewart, 167 Mass. 211, 36 L.R.A. 771, 57 Am. St. Rep. 452, 45 N. E. 737; Cosgrave v. McAvay, 24 N. D. 343, 139 N. W. 693, decisive of many of these questions.

Defendant desires a decision on his second assignment of error particularly set out in detail earlier in this opinion, in which he claims our holding (1) denies him equal protection of the law, and (2) deprives him of his property without due process of law. Considering the last first, he is in no position to urge that the cancelation effected operated to divest him of his property without due process of law. On the face of the findings, back of which this court cannot go because the evidence upon which the findings are based has not been brought into the record, defendant was in default, and the contract was adjudged canceled, and he decreed to have no interest in said real property. The decree was entered after his appearance in an action in which he has had his day in court. His rights were not necessarily canceled by the notice of cancelation served. Defendant has erroneously assumed the contrary. Service of notice of cancelation does not alone necessarily divest him of any rights. It is but a step required by statute to be taken to lay the basis for rights afterwards to be adjudged, if necessary, by court action. The steps taken but furnish evidence of default, whether insufficient or conclusive, to depend upon the other considerations. It is hard to see, then, where the defendant has been deprived of his property without due process of law, he having had his day in court, and title being quieted against him by court decree. In no way has his right been short circuited. .

As to whether the privileges and immunities of the defendant as a citizen of Minnesota have been invaded and he been denied equal pro-

tection of the laws has already been decided adversely to his contention in the very case he cites, that of Selover, B. & Co. v. Walsh, 226 U. S. 112, 57 L. ed. 146, 33 Sup. Ct. Rep. 69, holding that "the test of equal protection of law is whether the parties are all treated alike in the same situation." Defendant as a nonresident is treated no differently from any resident holder of a contract on lands within this state. The same rules apply to foreclosure of interest therein against all parties, residents and nonresidents, and without discrimination. "All parties are treated alike in the same situation," and the test is satisfied. The judgment of the District Court is affirmed, with costs. It is so ordered.

SPALDING, C. J. I concur in the result.